427 So.2d 306 (1983)
DePUY, INC. and St. Paul Fire & Marine Insurance Company, Appellants,
v.
Ruby V. ECKES and John Eckes, Her Husband, Appellees.
No. 82-1850.
District Court of Appeal of Florida, Third District.
February 22, 1983.
*307 Carey, Dwyer, Cole, Eckhart, Mason & Spring and Michael Spring, Miami, for appellants.
Horton, Perse & Ginsberg and Arnold Ginsberg; Hawkesworth & Schmick, Miami, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The appellants seek review of an order striking their defenses and entering a default as to liability. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
In 1971, Mrs. Eckes underwent an operation to have a hip prosthesis implanted. In 1973, she allegedly sustained an injury caused by the breakage of the surgical device. The Eckes sent the broken pieces to an expert for testing; however, for some reason, one test, an electron microscopic examination, was not done. Subsequently, the Eckes filed suit against several parties, including the appellants, DePuy, Inc., who distributed the prosthesis, and their insurer, St. Paul Fire and Marine Insurance Co. The complaint was premised upon the theories of negligence, strict liability, and breach of implied warranty. The appellants answered the complaint admitting having sold the device, denying all other allegations, and raising several affirmative defenses.
Upon an agreed order not to destroy the fracture site, the plaintiffs turned the prosthesis over to the appellants. After extensive testing by appellants' expert, including an electron microscopic examination (the test not performed by the Eckes' expert), the pieces were mailed back to appellants' counsel, but the package containing the fracture site was missing. The plaintiffs filed a motion for sanctions supported by an affidavit of another of plaintiffs' experts. At an evidentiary hearing, the expert testified that he could not render an opinion without actual examination of the fracture situs. The trial court concluded that the plaintiffs would be unable to go forward in establishing liability without the critical piece of physical evidence. It therefore entered a default in favor of the plaintiffs on liability.
Florida Rule of Civil Procedure 1.380(b)(2)(C) authorizes the imposition of sanctions for failure to comply with discovery orders. The decisions under this rule clearly establish that the sanctions should be commensurate with the offense and the ultimate sanction should be visited upon a party only under exceptional circumstances. Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980); Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); Herold v. Computer Components Inter-National, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
The appellants contend that the sanction was unwarranted because: (a) the loss of the prosthesis was not intentional; and (b) the plaintiffs had the opportunity to perform any necessary testing before sending *308 the evidence to the appellants' expert. We disagree.
Whether the prosthesis was destroyed in bad faith or accidentally is irrelevant in the present case. The evidence is unavailable for the plaintiffs' use and they have demonstrated an inability to proceed without it. The second argument of the appellant is equally untenable. While it is true that the plaintiffs had an opportunity to test the prosthesis prior to giving it to the appellants, the Eckes' failure to run a test does not relieve appellants of responsibility for the loss. When they procured the evidence for their inspection, the appellants did so subject to the plaintiffs' right to the return of the evidence. Having lost the prosthesis, DePuy and St. Paul Fire and Marine Insurance Company are now accountable for the ramifications of their act.
Because of the peculiar factual pattern, we find that the trial court was correct in striking the appellants' answer except insofar as the order sought to strike the affirmative defenses, we reverse. Upon the record before us, we fail to see how the loss of the prosthesis would prejudice the plaintiffs' ability to respond to the appellants' affirmative defenses.
Affirmed in part and reversed in part and remanded.