ANSTEAD, Chief Judge.
The trial court’s order striking the defensive pleadings of the appellant is hereby affirmed. A prior order prohibited any destructive testing of the material that was the subject matter of appellee’s products liability claim against the appellant. There is substantial competent evidence in the record to support the trial court’s findings that appellant willfully violated this prior order and that such violation prejudiced the appellee’s ability to prosecute its claim against the appellant.
We agree with the appellant that a trial court should be very cautious in considering matters of this kind and should reserve for the extreme case a sanction as severe as the striking of pleadings. Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980). In most instances this will involve a consideration of not only the circumstances surrounding the alleged misconduct but also a consideration of the prejudi *882 cial effect of the misconduct. It is clear that the trial court utilized such an analysis here. Given evidence to support the trial court’s determination, we are not free to substitute our opinion as to the propriety of the sanction imposed.
While affirming the trial court’s action here, we repeat our concern that the nature of the sanction imposed should be carefully tailored to the violation involved and its effects. In addition, wherever possible, a determination should be made as to whether the violation was occasioned by the conduct of the party or his attorney, and the sanctions should be imposed accordingly. While this does not mean that sanctions may not be imposed against a party because of his attorney’s misconduct, such sanctions should be avoided if the court’s purpose can be accomplished by limiting the sanctions to the person responsible for the violation.
HERSEY, J., concurs.
WALDEN, J., dissents with opinion.