559 So.2d 102 (1990)
NEW HAMPSHIRE INSURANCE COMPANY, INC., Appellant,
v.
ROYAL INSURANCE COMPANY, Appellee.
No. 88-1258.
District Court of Appeal of Florida, Fourth District.
March 28, 1990.
Rehearing Denied April 25, 1990.
Neil Rose and Henry T. Wihnyk of Conroy, Simberg & Lewis, P.A., Hollywood, for appellant.
John Bond Atkinson, Marie P. Henwood and Wendy F. Lumish of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Miami, for appellee.
PER CURIAM.
We reverse an order which entered final judgment in favor of an appellee after the trial court struck the appellant's pleadings for "intentional failure to comply with court's order and prejudice shown by [appellee]." The order which appellant failed to comply with directed the appellant to "comply with discovery" within ten days. The discovery requested consisted of a request to produce appellant's underwriting file together with interrogatories requesting information from that file. The discovery had been requested three months before, and one other ex parte order requiring answers had been entered.
Appellant's compliance with the order consisted of filing a response to the request stating that the underwriting file had been destroyed. Appellant's counsel signed interrogatories stating that the information requested could not be furnished because the files were destroyed.[1] Appellee *103 then filed a motion to strike the pleadings for failure to comply with the court order.
We confess that we have great sympathy for the trial court in dealing with the frustrations of requiring compliance with discovery orders. An undue amount of trial court time is spent policing what the Rules of Civil Procedure contemplated would be an orderly and expeditious discovery process in civil cases. Unfortunately, in all too many cases nothing could be farther than the truth. Nevertheless, using the ultimate sanction of dismissal should always be viewed as a remedy of last resort and only in cases where the conduct of the party evidences deliberate and willful failure to submit to discovery. Mercer v. Raine, 443 So.2d 944 (Fla. 1983).
It seems to us that in this case appellant did comply, albeit with a response that appellee does not like. However, since there was compliance, the court cannot strike the pleadings and enter final judgment for "failure to comply." If appellant has destroyed relevant and material information by destroying the file, and that information is so essential to the appellee's defense that it cannot proceed without it, then the striking of appellant's pleadings may be warranted. See Depuy, Inc. v. Eckes, 427 So.2d 306 (Fla. 3d DCA 1983). Alternatively, where a party fails to produce evidence within his control, an adverse inference may be drawn that the withheld evidence would be unfavorable to the party failing to produce it. Valcin v. Public Health Trust of Dade County, 473 So.2d 1297 (Fla. 3d DCA 1984), modified, Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987). Thus, the court could indulge such an inference on the facts of this case. However, for all we know, any evidence which might have been contained within those files might be legally irrelevant to the issues framed in the pleadings. Without a showing of prejudice to appellee on this record, we hold that the trial court reversibly erred when it entered final judgment in favor of appellee.
Reversed and remanded for further proceedings consistent with this opinion.
STONE and WARNER, JJ., concur.
POLEN, J., dissents without opinion.
NOTES
[1] We do not deem the fact that the attorney signed the answers rather than the party as a "failure to respond" sufficient to justify a dismissal. At most, it renders the answers incomplete and would not justify an order of default without a further attempt at compliance. Cf. Venus Laboratories, Inc. v. Katz, 557 So.2d 110 (Fla. 3d DCA 1990); Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982).