656 So.2d 629 (1995)
SPONCO MANUFACTURING, INC., etc., Appellant,
v.
Edward ALCOVER, et al., Appellees.
No. 94-2671.
District Court of Appeal of Florida, Third District.
July 5, 1995.
*630 Richard A. Sherman and Rosemary B. Wilder, Ligman, Martin & Evans, Fort Lauderdale, for appellant.
Hardy, Bissett & Lipton and G. William Bissett, Miami, for appellees.
Before BARKDULL, NESBITT and LEVY, JJ.
NESBITT, Judge.
In September 1990, Edward Alcover, an employee of Claude Neon Signs, was using an aerial ladder attached to a truck to install an overhead sign. While the ladder was in an extended position, a cable wire snapped and Alcover was thrown and injured. Alcover sued Sponco Manufacturing Inc., which in 1980 had manufactured the ladder, Hydrolic Maintenance, Inc., which in 1988 had replaced cable in the wire, and Florida Wire & Rigging, Inc., which had originally manufactured the wire. As to Sponco, Alcover alleged that the company defectively or negligently designed, manufactured, assembled, or produced the ladder. Thereafter, Alcover was notified that Sponco had possession of the ladder. As the time of trial approached, when Alcover requested an inspection of the ladder, it was discovered that the ladder had been discarded. Thereafter, on Alcover's motion, a default on the issue of liability was entered against Sponco. We affirm.
What sanctions are appropriate when a party fails to preserve evidence in its custody depends on the willfulness or bad faith,[1] if any, of the party responsible for the loss of the evidence, the extent of prejudice suffered by the other party or parties, and what is required to cure the prejudice. See Metropolitan Dade County v. Bermudez, 648 So.2d 197 (Fla. 1st DCA 1994); Federal Ins. Co. v. Allister Mfg. Co., 622 So.2d 1348, 1350-52 (Fla. 4th DCA 1993); Rockwell Int'l Corp. v. Menzies, 561 So.2d 677, 679-80 (Fla. 3d DCA 1990); Hirsch v. General Motors Corp., 266 N.J. Super. 222, 628 A.2d 1108, 1120-27 (Law Div. 1993).
Drastic sanctions, including default, are appropriate when a defendant alters or destroys physical evidence, and when the plaintiff has demonstrated an inability to proceed without such evidence. See Rockwell, 561 So.2d at 677; DePuy, Inc. v. Eckes, 427 So.2d 306 (Fla. 3d DCA 1983). As this is a case of spoliation of evidence rather than dilatory discovery production, we find those cases relied on by appellant unpersuasive. A *631 determination of willful destruction was not imperative where the testimony of plaintiff's expert convinced the trial court that, in the absence of the crucial evidence, the plaintiff was no longer able to proceed against Sponco or either of the other two defendant companies. Having proved his inability to proceed, Alcover's motion was properly granted and Sponco was held accountable for the ramifications of its actions. Here, Alcover's ability to establish his civil suit was cut off by Sponco's destruction of the evidence.
Accordingly, the order under review is affirmed.
NOTES
[1] Under certain circumstances, the destruction of evidence may confer in an aggrieved party a separate cognizable claim. Brown v. City of Delray Beach, 652 So.2d 1150 (Fla. 4th DCA 1995); Continental Ins. Co. v. Herman, 576 So.2d 313 (Fla. 3d DCA 1990), review denied, 598 So.2d 76 (Fla. 1991).