710 So.2d 706 (1998)
Michael DeLONG and Vicci DeLong, his wife, Appellants,
v.
A-TOP AIR CONDITIONING CO. and Jorda Mechanical Contractor of Palm Beach, Inc. Appellees.
No. 97-268.
District Court of Appeal of Florida, Third District.
May 6, 1998.
*707 Lekach, Klitzner & Ansel; Arnold R. Ginsberg, Miami, for appellants.
Seipp, Flick & Kissane and Daniel J. Kissane, Miami; Cole, White & Billbrough and G. Bart Billbrough, Miami, for appellees.
Before NESBITT, GREEN and FLETCHER, JJ.
PER CURIAM.
Michael DeLong and his wife, plaintiffs below, appeal the dismissal of their personal injury action with prejudice based on spoliation of evidence after DeLong inadvertently lost or misplaced a piece of relevant and material evidence. After a careful review of the record before us, we cannot conclude that the lower court abused its discretion in imposing the ultimate sanction of dismissal with prejudice where the appellees demonstrated their inability to completely set forth their defense without having had the opportunity to examine and test the lost evidence. See Sponco Mfg., Inc. v. Alcover, 656 So.2d 629, 630 (Fla. 3d DCA 1995) (affirming entry of default against manufacturer who discarded an allegedly defective ladder, despite the fact that there was no evidence that the manufacturer willfully destroyed the evidence); Rockwell Int'l Corp. v. Menzies, 561 So.2d 677, 681 (Fla. 3d DCA 1990) (defendant/manufacturer's destruction and loss of two bolts attached to a table saw and motor, justified striking the manufacturer's pleadings and entering default on liability, even in the absence of a showing of bad faith on the manufacturer's part); New Hampshire Ins. Co., Inc. v. Royal Ins. Co., 559 So.2d 102, 103 (Fla. 4th DCA 1990) (striking of pleadings may be appropriate sanction "[i]f appellant has destroyed relevant and material information by destroying the file, and that information is so essential to the appellee's defense that it cannot proceed without it"); DePuy, Inc. v. Eckes, 427 So.2d 306, 308 (Fla. 3d DCA 1983)(affirming trial court's striking of defendant's answer for returning plaintiff's prosthesis with a crucial piece missing).
Affirmed.