754 So.2d 742 (2000)
Dewey R. HARRELL and Publix Supermarkets, Inc., a Florida corporation, Appellants,
v.
Michael C. MAYBERRY, I, as personal representative of the Estate of Michelle Mayberry, deceased; Michael C. Mayberry, I, as personal representative of the Estate of Michael C. Mayberry, II; Monique Mayberry, individually; and Michael C. Mayberry, I, and Kenneth J. Stripling, Appellees.
Nos. 2D98-880, 2D98-2203 and 2D98-2295.
District Court of Appeal of Florida, Second District.
January 28, 2000.
Rehearing Denied April 6, 2000.
*743 Robert L. Trohn and Christine C. Daly of Lane, Trohn, Bertrand & Vreeland, P.A., Lakeland, and Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for Appellants.
Scott P. Schlesinger and Todd R. Falzone of Sheldon J. Schlesinger, P.A., Fort Lauderdale, and John W. Frost, II, and Mark A. Sessums of Frost, O'Toole, & Saunders, Bartow, and Harold E. Barker, Lakeland, for Appellees.
No appearance for Appellee Kenneth Stripling.
WHATLEY, Judge.
Dewey R. Harrell and Publix Supermarkets, Inc., (the appellants) appeal the order striking their pleadings and defenses and entering a default judgment on the issue of liability in this action by Michael Mayberry and his daughter Monique Mayberry (the appellees). The order was entered against the appellants as a sanction for discovery violations and spoliation of evidence. We reverse.
This case arose out of a collision on the night of December 7, 1991, between a Publix tractor-trailer (the truck) driven by Dewey Harrell, a Publix employee, and a Ford Pinto owned by Michael Mayberry *744 and driven by Kenneth W. Stripling. The truck was proceeding on U.S. Highway 92 and the Pinto was on an intersecting road with a stop sign. The evidence is disputed as to whether the Pinto stopped at the stop sign. The evidence is undisputed that the Pinto struck the side of the Publix truck. The collision was significant enough to cause the truck to flip over and catch fire and subsequently be sold to a salvage yard. Three Mayberry children were passengers in the Pinto. Two of the children died and one was injured as a result of the collision.
In June 1992, the appellees filed suit against the appellants for the wrongful deaths of two of the Mayberry children and for the personal injuries suffered by the third child. In defending, the appellants asserted that the truck had the right-of-way, was driving within the speed limit, and had its lights on, and that Stripling caused the accident by running the stop sign. The appellees contended that Stripling had stopped at the stop sign and that the truck was speeding and/or driving without illumination. The evidence was disputed in substantial part.
Due to the default judgment on liability, a jury trial was held on the issue of damages only. The trial court told the jury that the appellants were liable for the injuries and deaths caused by the accident. The jury returned a verdict slightly in excess of $7 million.
The trial court had every reason to be frustrated with counsels' behavior in conducting discovery, but it abused its discretion in penalizing the appellants with the harshest of sanctions. This court has cautioned trial courts that they "should be very cautious in considering matters of this kind and should reserve for the extreme case a sanction as severe as the striking of pleadings." J.I. Case Co. v. Steel Fabricators, 438 So.2d 881 (Fla. 4th DCA 1983). "[U]sing the ultimate sanction of dismissal should always be viewed as a remedy of last resort...." New Hampshire Ins. Co. v. Royal Ins. Co., 559 So.2d 102, 103 (Fla. 4th DCA 1990). "Florida has a longstanding policy in favor of trials on the merits." Thomas v. Feinberg, 745 So.2d 500, 502 (Fla. 3d DCA 1999).
The twenty-four-page order striking pleadings and defenses and entering a default judgment on liability is premised on discovery violations and spoliation of evidence by the appellants. However, seventeen days before the entry of this order, the trial court stated: "I doubt fault lies entirely all on one side...." Two months before the entry of this order, the trial court had threatened to strike the appellees' "evidence." Orders had been entered precluding the appellees from using witnesses not disclosed in answers to interrogatories and barring the appellees' use of two expert witnesses. During the trial, the court stated that it would never have made its sanction ruling if the spoliated evidence had been preserved and the appellees had been allowed to determine whether it contained pertinent information.
We first address the discovery violation aspect of the order. Approximately three months before the scheduled trial date of September 22, 1997, the appellees commenced a flurry of discovery activity. The appellants failed to respond to the discovery requests until ordered to do so, and they were then twelve or more days late in responding and did so via unsigned, faxed documents. The appellants also failed to produce certain requested items.[1] We do not approve of such dilatory tactics or lack of compliance with the rules of civil procedure. Sanctions could have been appropriate, but not the severe sanction of striking pleadings and entering a default, which the supreme court has stated "should be employed only in extreme circumstances." Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990). *745 Specifically, those circumstances are: "A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness." Id. (Citations omitted). While the trial court's order contains conclusions that the appellants' conduct was willful, it does not contain facts demonstrating that the circumstances were so extreme as to warrant the harshest of sanctions. We note that the preparation of the order striking pleadings and defenses was delegated by the trial court to counsel. On an order of such impact, we would have preferred that it would have been prepared by the trial court, or at least dictated to the court reporter for transcription by counsel. The trial court's lengthy oral pronouncement was in fact transcribed by the court reporter. However, that pronouncement was a broad generalization of events without specific findings. The order itself does not contain the trial court's statements, but rather tracks in substantial part the language of the appellees' motion to strike the appellants' pleadings and for sanctions. The trial court at the conclusion of the oral pronouncement remarked, "And I have attempted crudely to articulate a foundation for it in a random... rambling manner."
The spoliation of evidence concerned a device called a tripmaster, which is a device Publix places on its trucks to record a number of operating functions, including speed. The tripmaster may also record whether a truck's lights were illuminated. Because the truck caught on fire, its battery cables, which supplied power to the tripmaster, were cut. The tripmaster apparently contains a small backup power supply which Publix contends only allows the device to retain data for eight hours. There appears to have been no attempt to download data from the tripmaster within eight hours of the battery cables being cut. An expert retained by the appellees contended that a tripmaster could retain data in excess of ten years. Pursuant to a court order, the appellees were given access to the tripmaster in May 1993. The appellees claim that they were only allowed to photograph the device, and Publix claims that the device was available for inspection as well. The appellees made no additional requests to inspect or test the tripmaster until the summer of 1997. By this time, the tripmaster had been converted to a tripmaster plus, placed on another Publix truck, and whatever data that remained on the tripmaster was forever lost.
What sanctions are appropriate when a party fails to preserve evidence in its custody depends on the willfulness or bad faith, if any, of the party responsible for the loss of the evidence, the extent of prejudice suffered by the other party or parties, and what is required to cure the prejudice.
Drastic sanctions, including default, are appropriate when a defendant alters or destroys physical evidence, and when the plaintiff has demonstrated an inability to proceed without such evidence.
Sponco Mfg., Inc. v. Alcover, 656 So.2d 629, 630 (Fla. 3d DCA 1995) (citations and footnote omitted); DeLong v. A-Top Air Conditioning Co., 710 So.2d 706 (Fla. 3d DCA 1998); New Hampshire Ins., 559 So.2d 102. See also Rockwell Int'l Corp. v. Menzies, 561 So.2d 677, 680 (Fla. 3d DCA 1990) (degree of sanctions to be imposed must be related to degree of prejudice sustained by nonoffending party).
Here, the appellees did not demonstrate that they were unable to proceed without the tripmaster. Collisions between vehicles without tripmaster devices occur all of the time and proceed to litigation. Further, as we have noted, the appellees were given access to the tripmaster pursuant to court order early in this case. The conflict regarding whether the appellees were allowed to inspect the tripmaster notwithstanding, the appellees allowed more than four years to pass without any further *746 request to inspect the device. In fact, the appellees did not ask their own expert, whom they retained prior to May 1993, to look at the tripmaster. That expert opined that the truck was speeding and did not have its headlights illuminated. These facts make two things clear. First, the tripmaster was not material or relevant to the appellees' case. If it had been, the appellees would have filed a spoliation motion soon after May 1993. Publix suggests that no such motion was filed because the appellees knew that the tripmaster retained no data due to the termination of the power supply. Second, the appellees are more than able to proceed with their causes of action without the benefit of the tripmaster.
Accordingly, we reverse the default judgment of liability and remand with directions that the appellants' pleadings and defenses be reinstated.
Reversed and remanded.
PATTERSON, C.J., and STRINGER, J., Concur.
NOTES
[1] The appellants' trial counsel do not appear in this appeal.