815 So.2d 643 (2002)
Jeffrey NORTH and Commercial Union Insurance Company, Appellants,
v.
ALTECH YACHTS, INC. and Astillero Regnicoli, S.A.I.C.A., Appellees.
No. 4D01-225.
District Court of Appeal of Florida, Fourth District.
January 16, 2002.
Rehearing Denied May 22, 2002.
*644 Raúl J. Chacón, Jr. of Hayden and Milliken, P.A., Miami, for appellants.
Susan S. Lerner of Kutner, Rubinoff, Bush & Lerner, P.A., Miami, and Perry M. Adair of Becker & Poliakoff, P.A., Fort Lauderdale, for appellee Astillero Regnicoli.
PER CURIAM.
Jeffrey North ("North") and Union Insurance Company ("Union") (collectively the "Plaintiffs") appeal a jury verdict in favor of Altech Yachts, Inc. ("Altech") and Astillero Regnicoli ("Regnicoli") (collectively the "Defendants") on the Plaintiffs' claim for breach of express and implied warranties in connection with North's purchase of a motor yacht from the Defendants. The Defendants are cross-appealing the trial court's denial of its request for sanctions against the Plaintiffs for spoliation of evidence.
North purchased the vessel from Altech, who at the time was an American distributor of the Argentinian vessel manufacturer Regnicoli. Accompanying the purchase, North received a written warranty providing the following:
This is to certify and warrant that Altech Yachts, Inc. Hull Number DIQ44101A090, covered by L.C. No. 91291 has been built with the finest materials, using first-class workmanship and materials in accordance with the plans and specifications provided by Tom Faxas [sic] for this project.
Astillero warrants to the Distributor (Altech Yachts, Inc.) and the first retail owner that the vessel will be free from defects for a period of one year or 200 hours, whichever comes first, from the time that the vessel is delivered to the first retail customer and placed into service.
*645 North placed the vessel into service, and on one of the first extended voyages of the "Lost Weekend," it sank in rough seas off the coast of Sanibel, Florida.
Union, the insurance carrier with whom North had contracted to insure the vessel, raised the vessel and conducted extensive investigation into the cause of the loss. Upon raising the vessel, Union notified the Defendant Altech of the location at which the vessel would be available for inspection. The Defendant did not inspect the vessel and it was subsequently sold by Union.
Pursuant to the loss of the vessel, North and Union instituted this action against the Defendants alleging liability under strict liability, negligence in manufacture, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.
During the trial, the Plaintiffs' tendered the testimony of two experts regarding marine construction and seaworthiness. They testified in material part that their opinion was that deviation from the architect's design was responsible for the sinking of the "Lost Weekend." More specifically, Plaintiffs' experts testified that excess weight added by the Defendant's deviation from materials specifications, exacerbated by material changes in fittings and seals resulted in an inability of the vessel to stay afloat.
The Defendants tendered no expert witness testimony. However, they did establish an alternative theory of loss through extensive cross-examination of the Plaintiffs' witnesses. Specifically, the Defendants advanced the theory that inexperience on the part of North as a vessel captain, combined with undisputed rough seas immediately preceding the sinking, caused the loss of the "Lost Weekend."
At the conclusion of the parties' cases each moved for directed verdicts. The trial court granted the Defendants' motion and entered a directed verdict in favor of the Defendants on the claims of strict liability and negligent manufacture, and reserved judgment on the remaining counts of breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.
The trial court instructed the jury on express warranty and breach of an implied warranty of merchantability, and a verdict was returned in favor of the Defendants.
The Plaintiffs moved for a new trial which the trial court denied with the following statement in the record:
[This case] appears to be just another case in a long line of cases of an ever increasing number of horrible miscarriages of justice by the jury system based on just like with insurance companies probably bias prejudice and sympathy issues and either no evidence or a severe lack of credible evidence to support the verdict.
. . . .
I would not have rendered that verdict if I were on the jury, but, you know, there's a difference in my personal and professional responsibility also, so I'm trying to reconcile the two.
It is essentially this statement upon which the Plaintiffs rely in challenging the denial of their motion for a new trial. The Plaintiffs argue that the foregoing statement evidences a finding by the trial court judge that a gross miscarriage of justice occurred, and therefore, his failure to grant a new trial was an abuse of discretion.
The trial judge's comment sets forth two grounds upon which a new trial could potentially *646 have been granted. First, the jury was influenced by matters outside the record. Second, there was a lack of credible evidence to support the verdict.
A trial court's decision on a motion for a new trial will be reviewed for an abuse of discretion. See Brown v. Stuckey, 749 So.2d 490, 495 (Fla.1999).
When a motion for a new trial is granted, the trial judge's finding that the jury considered matters outside the record must be supported by concomitant citation to record evidence. See Wackenhut v. Canty, 359 So.2d 430, 435 (Fla.1978). Therefore, had the trial court judge in this case granted a new trial based upon his statement without citation to record evidence, this court would have no choice but to reverse and remand. But, the fact of the matter is that, notwithstanding the personal belief of the judge, the trial court denied the motion. This does not dispose of this matter entirely however.
As for the second ground, that there was a severe lack of credible evidence to support the verdict, we find that the trial judge applied the incorrect standard that is, substantial competent evidence. On a motion for a new trial, the verdict will be set aside where the trial court determines that it is against the manifest weight of the evidence. See id. Although the trial judge ultimately denied the motion, the analysis process necessary to reach a conclusion on the question of whether the verdict was against the manifest weight of the evidence, is substantially different from that necessary to determine whether the verdict was supported by competent evidence.
The defense counsel's argument was based on the premise that a new trial should not be granted where the evidence is sufficient to sustain the verdict. The judge's ruling indicates that he believed the jury could accept or reject any evidence, and no further inquiry need be made. However, that is not the standard which should be applied by a trial court in determining a motion for a new trial on the ground that the verdict is against the manifest weight of the evidence. In Brown, our supreme court held that "the trial judge has broad discretion in ruling on a motion for a new trial on the grounds that the verdict is contrary to the manifest weight of the evidence." 749 So.2d at 497. It noted that in Cloud v. Fallis, 110 So.2d 669 (Fla.1959), it had rejected the doctrine that the court could grant a new trial only when the verdict was not supported by substantial, competent evidence. See Brown, 749 So.2d at 495. The Brown court noted that it had consistently followed the abuse of discretion standard. See id. at 497. It quoted from Smith v. Brown, 525 So.2d 868, 870 (Fla.1988), which stated:
[T]he trial judge should refrain from acting as an additional juror. Laskey v. Smith, 239 So.2d 13 (Fla.1970). Nevertheless, the trial judge can and should grant a new trial if the manifest weight of the evidence is contrary to the verdict, Haendel v. Paterno, 388 So.2d 235 (Fla. 5th DCA 1980). In making this decision, the trial judge must necessarily consider the credibility of the witnesses along with the weight of all the other evidence. Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981). The trial judge should only intervene when the manifest weight of the evidence dictates such action. However, when a new trial is ordered, the abuse of discretion test becomes applicable on appellate review. The mere showing that there was evidence in the record to support the jury verdict does not demonstrate an abuse of discretion.
*647 The Brown court also looked to E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825, 827-28 (Fla.1997), where,
we recently repeated that the abuse of discretion standard and the reasonableness test apply to the review of an order for new trial. We noted that "although there was an evidentiary basis for the jury verdict, there also was extensive evidentiary support for the trial court's ruling" and concluded that "reasonable persons could agree with the trial court."
Brown, 749 So.2d at 497. Finally, the court stated that "[t]he trial judge's discretion permits the grant of a new trial although it is not `clear, obvious, and indisputable that the jury was wrong.'" Id.
The defense advocated, and the trial judge adopted, a sufficiency of the evidence standard to guide the court in determining the motion, when the real standard as enunciated in Brown and Cloud is against the manifest weight of evidence.
Because the trial court judge applied the wrong standard we reverse and remand for further proceedings consistent with this opinion and Wackenhut.
On cross-appeal, the Defendants argue that the Plaintiffs should be sanctioned for spoliation of evidence. We disagree.
The trial court's ruling on a spoliation of evidence issue is reviewed for an abuse of discretion. See Fed. Ins. Co. v. Allister Mfg. Co., 622 So.2d 1348, 1350 (Fla. 4th DCA 1993).
The court will resort to the drastic sanction of striking evidence only where there is a willful or bad faith effort on the part of the party responsible for the loss. See Harrell v. Mayberry, 754 So.2d 742, 744-45 (Fla. 2d DCA 2000).
The evidence in the instant case reflects that the Plaintiffs notified the Defendant, Altech, that the vessel was available for inspection. Afterwards, the vessel was sold. However, the Plaintiffs then provided the Defendants with the name of the purchaser. At no time did the Plaintiffs attempt to conceal the location of the vessel. At no time during the early course of this litigation, did the Defendants request to inspect the vessel.
It cannot be said that the trial court abused its discretion by declining to strike the evidence absent a showing of bad faith. Therefore, in accordance with Harrell and Allister, we affirm the trial court's denial of the Defendant's motion for sanctions.
AFFIRMED IN PART REVERSED IN PART.
POLEN, C.J., GUNTHER and WARNER, JJ., concur.