819 So.2d 143 (2002)
Wisner DEROSIER and Marie Derosier, individually, and as husband and wife, and Wisner Derosier, as the Personal Representative of the Estate of Wisny Derosier, a minor, deceased, Appellants,
v.
COOPER TIRE & RUBBER COMPANY, John Doe Distributor, National Tire Warehouse n/k/a National Tire & Battery, and Sears, Roebuck and Company, Appellees.
No. 4D01-682.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
Rehearing Denied June 20, 2002.
Kimberly L. Boldt of Boldt & Associates, P.A., Fort Lauderdale, and Lesser & Lesser, P.A., West Palm Beach, for appellants.
Lisa Berlow-Lehner and Frederick J. Fein of Thornton, Davis & Fein, P.A., Miami, for appellees.
TAYLOR, J.
In this products liability suit involving an alleged tire defect, the plaintiffs ("the Derosiers") appeal a summary final judgment entered in favor of the defendants (collectively "Cooper Tire"). The Derosiers contend that the trial court erred in entering summary judgment for Cooper Tire based on spoliation of the evidence. We agree and reverse.
On March 17, 1997, Wisner Derosier was driving north on the Florida Turnpike from Miami to West Palm Beach with his wife, Marie, and the couple's four-year old daughter, Wisny. According to Mr. Derosier, he was traveling in the center lane when his car's right rear tire suffered a blow out. After regaining control of the car, Mr. Derosier attempted to pull the car over to the side of the road. However, he was unable to do so because of rush hour traffic. Instead, he slowed the car to a stop in the center lane. Soon thereafter, Mr. Derosier noticed a police officer driving up behind his vehicle. The officer pulled his car next to the Derosiers and stopped in the emergency lane on the side of the road. As the officer exited his car to approach the Derosiers' vehicle, a red Chevy Blazer smashed into the Derosiers' car from behind. Wisny Derosier was killed in the accident. Both Mr. and Mrs. Derosier were rushed to a nearby hospital with injuries.
After the accident, the towing company cleaned up the remains of the crash and *144 towed the cars to a nearby storage lot.[1] Before the cars were removed, however, a traffic homicide investigator took photographs of the accident scene. These photographs show the tire tread, which separated from the right rear tire, behind the Blazer. The tread was not recovered or seen by anyone after the accident. Both the Derosiers and Cooper Tire agree that the tire tread's disappearance is neither party's fault, as it was never in the custody or possession of either party following the crash.
The Derosiers filed suit against Cooper Tire for breach of warranty, strict liability, and negligence. They alleged that the three-month old tire purchased from Cooper Tire was defective and that this defect resulted in a tire blow-out, which led to the automobile accident. Cooper Tire defended on the theory of misuse and denied that the plaintiffs had a tire blow out. They asserted, instead, that the plaintiffs had a flat tire and drove the car for a considerable distance after the tire went flat.
Cooper Tire took numerous depositions of witnesses but were unsuccessful in their attempts to locate the missing tire tread. Subsequently, Cooper Tire moved for summary judgment on the ground of spoliation of the evidence. They claimed that without an opportunity to examine the missing tire tread, they could not establish that the tire was not defective, and thus, could not defend the products liability suit.
In support of their summary judgment motion, Cooper Tire presented the affidavit of Lyle G. Campbell, a Cooper Tire employee. Campbell stated in his affidavit that neither he nor any other expert could testify that the tire was defective without examining the missing tread. He also gave an opinion that, based on an examination of the portion of the tire which remained, the tread separated from the tire as a result of misuse, i.e., the tire being driven flat. He stated:
My examination of the sidewall rings indicates someone drove for a considerable distance on this tire while it was flat, i.e. without air. The rim flanges of the wheel cut through the shoulders of the flat tire severing the crown portion from the sidewall ring.
At the hearing, Cooper Tire conceded that neither party had custody of the tire tread after the accident and that responsibility for the loss of the evidence could not be placed on either party. Nevertheless, Cooper Tire argued that they were entitled to summary judgment because they were irreparably prejudiced by their inability to examine the lost evidence. They maintained that they could not defend themselves without the missing tire tread and that summary judgment was a proper disposition under the spoliation line of cases. The trial court agreed and entered final summary judgment in favor of Cooper Tire.
In its summary final judgment, the trial court cited Sponco Manufacturing, Inc. v. Alcover, 656 So.2d 629 (Fla. 3d DCA 1995). There, the third district set out the test to be utilized in determining whether sanctions are appropriate for the loss of evidence:
What sanctions are appropriate when a party fails to preserve evidence in its custody depends on the willfulness or bad faith, if any, of the party responsible for the loss of the evidence, the extent of the prejudice suffered by the other party or parties, and what is required to cure the prejudice.
Id. at 630; see also St. Mary's Hosp., Inc. v. Brinson, 685 So.2d 33 (Fla. 4th DCA *145 1996)(citing Sponco Mfg., Inc. with approval).
Significantly, the Sponco test for determining appropriate sanctions due to lost or destroyed evidence applies when a party "fails to preserve evidence in its custody." Id. In this case, the facts undisputedly show that neither the plaintiffs nor their agents ever had the tire tread in their custody following the accident. We thus agree with the plaintiffs that spoliation of evidence principles do not apply here and should not have been used to bar them from pursuing their products liability action.
In Aldrich v. Roche Biomedical Laboratories, Inc., 737 So.2d 1124 (Fla. 5th DCA 1999), the fifth district cited the Sponco test in its decision reversing a summary final judgment due to spoliation of the evidence. There, the court held that a biomedical laboratory was not entitled to dismissal from a medical negligence action based on spoliation of evidence where blame for the loss of the evidence (a pap smear slide) could not be "placed with confidence on any party." Id. at 1126. Similarly, in this case, loss of the tire tread cannot be imputed to the plaintiffs such that they should suffer a summary judgment based on spoliation of evidence.
Moreover, in the present case, the facts do not show that Cooper Tire has been so prejudiced by the loss of the tire tread as to preclude them from defending against the products liability claim. To the contrary, the affidavit filed by Cooper Tire's expert establishes their ability to mount a defense to this action. Campbell stated that without the tire tread, neither he nor any other expert could make a determination as to how the tread separated from the rest of the tire. However, he was able to use other available evidence to offer an opinion that a flat tire rather than a blow out caused the tread separation. This theory advanced by Cooper Tire demonstrates that they can rely on a misuse and/or abnormal operation defense against a Cassisi inference to attempt to defeat liability.[2]
Based on the foregoing, we reverse the summary final judgment and remand this cause for further proceedings.
REVERSED and REMANDED.
GUNTHER, J., and DELL, JOHN W., Senior Judge, concur.
NOTES
[1] The vehicle remained in the impound yard for several days, until it was transported to a salvage yard, where it was later destroyed. However, before its destruction, the car was photographed and its back wheels were removed.
[2] Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981), held that a plaintiff in a products liability action is entitled to an inference that the product in question was defective if the product malfunctions during normal operation, even if the product is lost, destroyed, or damaged as a result of the malfunction. Id. at 1148. The defendant may negate this inference of product defectiveness by showing the product's malfunction was caused by: (1) the product's age; (2) the length of the product's use; (3) the severity of its use; (4) the state of its repair; (5) the product's expected useful life; and (6) whether the product was subjected to any abnormal operations. Id. at 1152.