832 So.2d 824 (2002)
NATIONWIDE LIFT TRUCKS, INC., a Florida corporation, Appellant,
v.
Rudy SMITH and Fior Daliza Smith, Appellees.
No. 4D01-3932.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*825 Clarke, Silverglate, Campbell, Williams & Montgomery, Miami, and Mark Hicks and Dinah S. Stein of Hicks, Anderson & Kneale, P.A., Miami, for appellant.
Todd R. Falzone of Sheldon J. Schlesinger, P.A., Ft. Lauderdale and Edna L. Caruso and Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellees.
KLEIN, J.
Appellee plaintiff lost his foot in an accident involving a forklift owned by appellant Nationwide, and leased to plaintiff's employer. In plaintiffs' suit against Nationwide for negligent maintenance, the trial court struck Nationwide's defenses for failing to preserve the braking mechanism alleged to have caused the accident. We affirm the judgment.
The accident occurred when plaintiff was getting on the forklift and it suddenly went into motion, trapping plaintiff's foot. Two months after the accident Nationwide, which leased the forklift to plaintiff's employer, wrote the employer requesting permission to remove the forklift in order to preserve it as evidence. The letter stated that "no destructive testing will be allowed on this truck without a court order."
Nationwide then took possession of the forklift. Three years after the accident Nationwide informed plaintiffs that the forklift was still in a state of preservation and offered plaintiffs the opportunity to inspect it before it was put back into operation. When plaintiffs' expert inspected the forklift a month later, Nationwide produced a box of brake parts, explaining that they had been removed from the forklift a year earlier. It turned out that the parts furnished plaintiffs' expert were not the parts which had been removed, and that Nationwide had been unable to find the parts it had removed.
After an evidentiary hearing to determine if sanctions should be imposed, the trial court found that just prior to the accident the braking system had been repaired, that the brake pin had been altered, and that Nationwide's removal of the parts "destructively altered the operating system" and "absolutely prevented" the plaintiffs from presenting a case. More specifically, the braking mechanism may have been improperly reassembled after being repaired prior to the accident and the disassembly of it after the accident made it impossible to ascertain if that was the case. After a trial on damages only the jury awarded plaintiffs $5,925,370. Nationwide argues that the sanction was too harsh because the trial court made no finding that Nationwide's conduct was willful.
*826 Cases in which evidence has been destroyed, either inadvertently or intentionally, are discovery violations involving the application of Florida Rule of Civil Procedure 1.380, under which sanctions are reviewed for abuse of discretion. Fed. Ins. Co. v. Allister Mfg. Co., 622 So.2d 1348 (Fla. 4th DCA 1993).
In arguing that the sanction imposed was too harsh because there was no finding of willful misconduct, Nationwide relies on New Hampshire Insurance Co. v. Royal Insurance Co., 559 So.2d 102, 103 (Fla. 4th DCA 1990) in which we stated that:
[T]he ultimate sanction of dismissal should always be viewed as a remedy of last resort and only in cases where the conduct of the party evidences deliberate and willful failure to submit to discovery.
We went on to state, however, that:
If appellant has destroyed relevant and material information by destroying the file, and that information is so essential to the appellee's defense that it cannot proceed without it, then the striking of appellant's pleadings may be warranted. See DePuy, Inc. v. Eckes, 427 So.2d 306 (Fla. 3d DCA 1983).
Our reliance on DePuy is significant because in DePuy, in which the defendant lost a crucial part of a prosthesis inadvertently, the court affirmed the striking of defendant's answer stating:
Whether the prosthesis was destroyed in bad faith or accidentally is irrelevant in the present case. The evidence is unavailable for the plaintiffs' use and they have demonstrated an inability to proceed without it.
DePuy, 427 So.2d at 308.
The appropriateness of sanctions for failing to preserve evidence depends on: (1) willfulness or bad faith of the responsible party, (2) the extent of prejudice suffered by the other party, and (3) what is required to cure the prejudice. Harrell v. Mayberry, 754 So.2d 742 (Fla. 2d DCA 2000) and cases cited. In the present case the trial court found, applying these criteria, that plaintiffs were unable to proceed without the altered or lost evidence and, indeed, Nationwide has not suggested a credible lesser sanction which could have been fair to the plaintiffs. Under these circumstances the court did not abuse its discretion, even though the destruction of evidence may have resulted from negligence rather than an intent to obstruct justice.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
FARMER, J., and LEVIN, STEVEN, J., Associate Judge, concur.