# Supreme Court of Florida

————————

No. SC15-1275

————————

**IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT NO. 15-01.**

[April 21, 2016]
<u>**CORRECTED OPINION**</u>

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted a report proposing amendments to four existing standard jury instructions and the addition of a new instruction. We have jurisdiction. <u>See</u> art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instructions 402.4 – Medical Negligence; 501.5 – Other Contributing Causes of Damages; 501.7 – Reduction of Damages to Present Value; and 502.7 – Reduction of Damages to Present Value. The Committee also proposes the addition of new instruction 301.11 – Failure to Maintain Evidence or Keep a Record.

All of the proposals in the Committee's report were published prior to being filed with the Court. No comments were received by the Committee. After the

Committee filed its report, the Court published the Committee's proposals for comment. No comments were received.

Having considered the Committee's report, we hereby authorize new instruction 301.11 and amended instructions 402.4, 501.5, 501.7, and 502.7 for publication and use, as proposed by the Committee. The instructions, as set forth in the appendix to this opinion, are authorized for publication and use. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Rebecca Mercier Vargas, Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Florida; Joseph Hagedorn Lang, Jr., Past Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Carlton Fields Jorden Burt, P.A., Tampa, Florida; Cynthia Sass, Subcommittee Chair, Spoliation Subcommittee, Tampa, Florida; Neal Allan Roth, Subcommittee Chair, Professional Malpractice Subcommittee, Coral Gables, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

**Appendix**


## <u>301.11  FAILURE TO MAINTAIN EVIDENCE OR KEEP A RECORD</u>

*a.      Adverse inference.*

**If you find that:**

(Name of party) **[lost] [destroyed] [mutilated] [altered] [concealed] or otherwise caused the** (describe evidence) **to be unavailable, while it was within [his] [her] [its] possession, custody, or control; and the** (describe evidence) **would have been material in deciding the disputed issues in this case; then you may, but are not required to, infer that this evidence would have been unfavorable to** (name of party)**. You may consider this, together with the other evidence, in determining the issues of the case.**

NOTES ON USE FOR 301.11a

1.      This instruction is not intended to limit the trial court's discretion to impose additional or other sanctions or remedies against a party for either inadvertent or intentional conduct in the loss, destruction, mutilation, alteration, concealment, or other disposition of evidence material to a case. See, *e.g., Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 780 (Fla. 4th DCA 2006); *Am. Hosp. Mgmt. Co. of Minnesota v. Hettiger*, 904 So. 2d 547 (Fla. 4th DCA 2005); *Jost v Lakeland Reg. Med. Ctr.*, 844 So. 2d 656 (Fla. 2d DCA 2003); *Nationwide Lift Trucks, Inc. v. Smith*, 832 So. 2d 824 (Fla. 4th DCA 2002); *Torres v. Matsushita Elec. Corp.*, 762 So. 2d 1014 (Fla. 5th DCA 2000); and *Sponco Mfg, Inc. v. Alcover*, 656 So. 2d 629 (Fla. 3d DCA 1995).

2.      The inference addressed in this instruction does not rise to the level of a presumption. *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987), and Instruction 301.11b.

3.      This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

*b.      Burden shifting presumption.*

**The court has determined that** (name of party) **had a duty to [maintain** (describe missing evidence)**] [keep a record of** (describe subject matter as to

which party had record keeping duty)**]. (Name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had recordkeeping duty)**].**

**Because** (name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had a record keeping duty)**], you should find that** (name of invoking party) **established [his] [her]** (describe applicable claim or defense) **unless** (name of party) **proves otherwise by the greater weight of the evidence.**

NOTES ON USE FOR 301.11b

1.      This instruction applies only when the court has determined that there was a duty to maintain or preserve the missing evidence at issue and the party invoking the presumption has established to the satisfaction of the court that the absence of the missing evidence hinders the other party's ability to establish its claim or defense. See *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987).

2. This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

**402.4  MEDICAL NEGLIGENCE**

a.      *Negligence (physician, hospital or other health provider):*

**Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] [hospital] [health care provider] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers]. Negligence on the part of a [physician] [hospital] [health care provider] is doing something that a reasonably careful [physician] [hospital] [health care provider] would not do under like circumstances or failing to do something that a reasonably careful [physician] [hospital] [health care provider] would do under like circumstances.**

**[If you find that** (describe treatment or procedure) **involved in this case was carried out in accordance with the prevailing professional standard of care recognized as acceptable and appropriate by similar and reasonably**

- 5 -

**careful [physicians] [hospitals] [health care providers], then, in order to prevail,** (claimant) **must show by the greater weight of the evidence that his or her injury was not within the necessary or reasonably foreseeable results of the treatment or procedure.]**

NOTES ON USE FOR 402.4a

1.  See *F.S.* 766.102. Instruction 402.4a is derived from *F.S.* 766.102(1) and is intended to embody the statutory definition of "prevailing professional standard of care" without using that expression itself, which is potentially confusing.

2.  The second bracketed paragraph is derived from *F.S.* 766.102(2)(a) and should be given only in cases involving a claim of negligence in affirmative medical intervention.

b.   *Negligence (treatment without informed consent):*

**[Negligence is the failure to use reasonable care.] Reasonable care on the part of a [physician] [health care provider] in obtaining the [consent] [informed consent] to treatment of a patient consists of**

*(1).   When issue is whether consent was obtained irregularly:*

**obtaining the consent of the patient [or one whose consent is as effective as the patient's own consent such as** (describe)**], at a time and in a manner in accordance with an accepted standard of medical practice among members of the profession with similar training and experience in the same or a similar medical community.**

*(2).   When issue is whether sufficient information was given:*

**providing the patient [or one whose informed consent is as effective as the patient's informed consent, such as** (describe)**] information sufficient to give a reasonable person a general understanding of the proposed treatment or procedure, of any medically acceptable alternative treatments or procedures, and of the substantial risks and hazards inherent in the proposed treatment or procedure which are recognized by other [physicians] [health care providers] in the same or a similar community who perform similar treatments or procedures.**

NOTE ON USE FOR 402.4b

This instruction is derived from the provisions of *F.S.* 766.103.

*c.*    *Foreign bodies:*

**[Negligence is the failure to use reasonable care.] The presence of** (name of foreign body) **in** (patient's) **body establishes negligence unless** (defendant(s)) **prove(s) by the greater weight of the evidence that [he] [she] [it] was not negligent.**

NOTES ON USE FOR 402.4c

1.    This instruction is derived from *F.S.* 766.102(3). The statute uses the term "prima facie evidence of negligence." The committee recommends that term not be used as not helpful to a jury. Rather, the committee has used the definition of prima facie. See, *e.g.*, *State v. Kahler*, 232 So. 2d 166, 168 (Fla. 1970) ("prima facie" means "evidence sufficient to establish a fact unless and until rebutted").

2.    Before this instruction is given, the court must make a finding that the foreign body is one that meets the statutory definition. See *Kenyon v. Miller*, 756 So. 2d 133 (Fla. 2d DCA 2000).

*d.*    *Failure to ~~make or~~ maintain <u>evidence or keep a</u> record~~s~~:*

~~**[Negligence is the failure to use reasonable care.] The law requires** (defendant) **as a licensed health care provider to prepare and maintain health care records.**~~

~~**[Because** (defendant) **did not [make] [or] [maintain]** (describe the missing record(s))~~

~~*or*~~

~~**[If you find that a person who was responsible for [making] [or] [maintaining]** (describe the missing record(s)) **and failed to do so]**~~

~~**you should presume** (describe the missing records(s)) **contained evidence of negligence unless** (defendant) **proves otherwise by the greater weight of the evidence. You may consider this presumption, together with the other evidence, in determining whether** (defendant) **was negligent.]**~~

~~NOTES ON USE FOR 402.4d~~

- 7 -

1. The second bracketed paragraph should be used if there is no issue about whether the records were made or maintained. If there is an issue about the making or maintenance of the records, then the third bracketed paragraph should be used.

2. This instruction applies only when records are required to be made and maintained and the court determines that the inability or failure to locate a record or records hinders the plaintiff's ability to establish a case. *Public Health Trust of Dade County v. Valcin*, 507 So.2d 596 (Fla. 1987).

*(1). Adverse inference.*

**If you find that:**

(Name of party) **[lost] [destroyed] [mutilated] [altered] [concealed] or otherwise caused the** (describe evidence) **to be unavailable, while it was within [his] [her] [its] possession, custody, or control; and the** (describe evidence) **would have been material in deciding the disputed issues in this case; then you may, but are not required to, infer that this evidence would have been unfavorable to** (name of party)**. You may consider this, together with the other evidence, in determining the issues of the case.**

NOTES ON USE FOR 402.4d(1)

1. This instruction is not intended to limit the trial court's discretion to impose additional or other sanctions or remedies against a party for either inadvertent or intentional conduct in the loss, destruction, mutilation, alteration, concealment, or other disposition of evidence material to a case. See, *e.g., Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 780 (Fla. 4th DCA 2006); *Am. Hosp. Mbmt. Co. of Minnesota v. Hettiger*, 904 So. 2d 547 (Fla. 4th DCA 2005); *Jost v Lakeland Reg. Med. Ctr.*, 844 So. 2d 656 (Fla. 2d DCA 2003); *Nationwide Lift Trucks, Inc. v. Smith*, 832 So. 2d 824 (Fla. 4th DCA 2002); *Torres v. Matsushita Elec. Corp.*, 762 So. 2d 1014 (Fla. 5th DCA 2000); and *Sponco Mfg., Inc. v. Alcover*, 656 So. 2d 629 (Fla. 3d DCA 1995).

2. The inference addressed in this instruction does not rise to the level of a presumption. *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987), and Instruction 402.4d(2).

3. This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

- 8 -

*(2).    Burden shifting presumption.*

**The court has determined that** (name of party) **had a duty to [maintain** (describe missing evidence)**] [keep a record of** (describe subject matter as to which party had record keeping duty)**].** (Name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had record keeping duty)**].**

**Because** (name of party) **did not [maintain** (describe missing evidence)**] [or] [keep a record of** (describe subject matter as to which party had a record keeping duty)**], you should find that** (name of invoking party) **established [his] [her]** (describe applicable claim or defense) **unless** (name of party) **proves otherwise by the greater weight of the evidence.**

NOTES ON USE FOR 402.4d(2)

1.     This instruction applies only when the court has determined that there was a duty to maintain or preserve the missing evidence at issue and the party invoking the presumption has established to the satisfaction of the court that the absence of the missing evidence hinders the other party's ability to establish its claim or defense. See *Pub. Health Tr. of Dade Cty. v. Valcin*, 507 So. 2d 596 (Fla. 1987).

2.     This instruction may require modification in the event a factual dispute exists as to which party or person is responsible for the loss of any evidence.

*e.    Res Ipsa Loquitur:*

**[Negligence is the failure to use reasonable care.] If you find that ordinarily the [incident] [injury] would not have happened without negligence, and that the** (describe the item) **causing the injury was in the exclusive control of** (defendant) **at the time it caused the injury, you may infer that** (defendant) **was negligent unless, taking into consideration all of the evidence in the case, you find that the** (describe event) **was not due to any negligence on the part of** (defendant)**.**

**501.5 OTHER CONTRIBUTING CAUSES OF DAMAGES**

*a.    Aggravation or activation of disease or defect:*

**If you find that the** (defendant(s)) **caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect] [or] [activation of a latent disease or physical defect], you should attempt to decide what portion of** (claimant's) **condition resulted from the [aggravation] [or] [activation]. If you can make that determination, then you should award only those damages resulting from the [aggravation] [or] [activation]. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by** (claimant).

NOTE ON USE FOR 501.5a

This instruction is intended for use in situations in which a preexisting physical condition is aggravated by the injury, or the injury activates a latent condition. See *C. F. Hamblen, Inc. v. Owens*, 172 So. 694 (Fla. 1937). When Instruction 501.5a is ~~necessary where~~given, Instruction 401.12b~~,~~ (Concurring cause~~,~~) is ~~given~~necessary. See *Hart v. Stern*, 824 So. 2d 927, 932–34 (Fla. 5th DCA 2002); *Auster v. Gertrude & Philip Strax Breast Cancer Detection Institute, Inc.*, 649 So. 2d 883, 887 (Fla. 4th DCA 1995).

b.     *Subsequent injuries/multiple events:*

**You have heard that** (claimant) **may have been injured in two events. If you decide that** (claimant) **was injured by** (defendant) **and was later injured by another event, then you should try to separate the damages caused by the two events and award** (claimant) **money only for those damages caused by** (defendant). **However, if you cannot separate some or all of the damages, you must award** (claimant) **any damages that you cannot separate as if they were all caused by** (defendant).

NOTES ON USE FOR 501.5b

1.     Instruction 501.5b addresses the situation occurring in *Gross v. Lyons*, 763 So. 2d 276 (Fla. 2000). It is not intended to address other situations. For example, see *Stuart v. Hertz Corp.*, 351 So. 2d 703 (Fla. 1977), and *Eli Witt Cigar & Tobacco Co. v. Matatics*, 55 So. 2d 549 (Fla. 1951). The committee recognizes that the instruction may be inadequate in situations other than the situation in *Gross.*

2.     The committee takes no position on whether the subsequent event is limited to a tortious event, or may be a nontortious event.

- 10 -

*c.      Subsequent injuries caused by medical treatment:*

**If you find that** (defendant(s)) **caused [loss] [injury] [or] [damage] to** (claimant), then (defendant(s)) **[is] [are] also responsible for any additional [loss] [injury] [or] [damage] caused by medical care or treatment reasonably obtained by** (claimant).

NOTE ON USE FOR 501.5c

This instruction is intended for use in cases involving additional injury caused by subsequent medical treatment. See, e.g., *Stuart v. Hertz Corp.*, 351 So. 2d 703 (Fla. 1977); *Pedro v. Baber*, 83 So. 3d 912 (Fla. 2d DCA 2012); *Tucker v. Korpita*, 77 So. 3d 716, 720 (Fla. 4th DCA 2011); *Nason v. Shafranski*, 33 So. 3d 117 (Fla. 4th DCA 2010); *Dungan v. Ford,* 632 So. 2d 159 (Fla. 1st DCA 1994).


## 501.7 REDUCTION OF DAMAGES TO PRESENT VALUE

**Any amount of damages which you allow for [future medical expenses], [loss of ability to earn money in the future], [or]** [(describe any other future economic loss which is subject to reduction to present value)**] should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.**

**The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate** (claimant) **for these losses as they are actually experienced in future years.**

NOTES ON USE FOR 501.7

1.      Designing a standard instruction for reduction of damages to present value is complicated by the fact that there are several different methods used by economists and courts to arrive at a present-value determination. See, for example, *Delta Air Lines, Inc. v. Ageloff*, 552 So. 2d 1089 (Fla. 1989), and *Renuart Lumber Yards v. Levine*, 49 So. 2d 97 (Fla. 1950) (using approach similar to calculation of cost of annuity); *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and *Loftin v. Wilson*, 67 So. 2d 185 (Fla. 1953) (lost stream of income approach); *Beaulieu v. Elliott*, 434 P. 2d 665 (Alaska 1967) (total offset method); *Culver v. Slater Boat Co.*, 688 F. 2d 280 (5th Cir. 1982), and *Seaboard Coast Line Railroad v. Garrison*, 336 So. 2d 423 (Fla. 2d DCA 1976)

(discussing real interest rate discount method and inflation/market rate discount methods); and *Bould v. Touchette*, 349 So. 2d 1181 (Fla. 1977) (even without evidence, juries may consider the effects of inflation).

2.     Until the Florida Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury properly resorts to its own common knowledge as guided by instruction 501.7 and by argument. See *Seaboard Coast Line Railroad v. Burdi*, 427 So. 2d 1048 (Fla. 3d DCA 1983).

3.     This instruction conflicts with *F.S.* 768.77(2)(a)2. and should not be given in medical malpractice cases when a party has requested that future damages be paid in periodic payments.


## 502.7 REDUCTION OF DAMAGES TO PRESENT VALUE

**Any amount of damages which you allow for [loss of earnings] [the estate's loss of net accumulations], [or] [**(describe any other future economic loss which is subject to reduction to present value)**] should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.**

**The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate** (claimant) **for these losses as they are actually experienced in future years.**

NOTES ON USE FOR 502.7

1.     Designing a standard instruction for reduction of damages to present value is complicated by the fact that there are several different methods used by economists and courts to arrive at a present-value determination. See, for example, *Delta Air Lines, Inc. v. Ageloff*, 552 So. 2d 1089 (Fla. 1989), and *Renuart Lumber Yards v. Levine*, 49 So. 2d 97 (Fla. 1950) (using approach similar to calculation of cost of annuity); *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and *Loftin v. Wilson*, 67 So. 2d 185 (Fla. 1953) (lost stream of income approach); *Beaulieu v. Elliott*, 434 P. 2d 665 (Alaska 1967) (total offset method); *Culver v. Slater Boat Co.*, 688 F.2d 280 (5th Cir. 1982), and

*Seaboard Coast Line Railroad v. Garrison*, 336 So. 2d 423 (Fla. 2d DCA 1976) (discussing real interest rate discount method and inflation/market rate discount methods); and *Bould v. Touchette*, 349 So. 2d 1181 (Fla. 1977) (even without evidence, juries may consider effects of inflation).

2.	Until the Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury properly resorts to its own common knowledge as guided by instruction 502.7 and by argument. See *Seaboard Coast Line Railroad v. Burdi*, 427 So. 2d 1048 (Fla. 3d DCA 1983).

3.	This instruction conflicts with *F.S.* 768.77(2)(a)2. and should not be given in medical malpractice cases when a party has requested that future damages be paid in periodic payments.