795 So.2d 164 (2001)
Luis VEGA, Petitioner,
v.
CSCS INTERNATIONAL, N.V., et al., Respondents.
No. 3D01-414.
District Court of Appeal of Florida, Third District.
September 5, 2001.
Rehearing Denied October 12, 2001.
*166 David H. Pollack; and Charles R. Lipcon, for petitioner.
McAlpin & Brais, and Eduardo J. Hernandez, and James J. Feeney, for respondents.
Before LEVY, SORONDO, and RAMIREZ, JJ.
RAMIREZ, J.
Petitioner Luis Vega requests this Court to quash the trial court's order of January 10, 2001, imposing sanctions for spoliation of evidence and barring Vega from putting on any medical evidence related to or prepared by his physician, Dr. Gary Lustgarten. We find that the trial court lacked legal authority to impose such sanctions and therefore grant the petition for writ of certiorari.
On September 23, 1996, Vega fell from his bunk while employed as a seaman aboard the Costa Marina. He was treated in Italy for a shoulder injury and then returned to his native Colombia. Vega made demand for maintenance and cure through his attorney in December, 1996 and in September, 1998. On June 3, 1999, Vega filed Jones Act and general maritime law claims for his injuries.
On November 23, 1999, Vega's attorney notified the defendants' attorney that Vega was scheduled for surgery to repair a herniated disc on December 1, 1999. CSCS responded on November 29, 1999, requesting that the surgery be postponed in order for CSCS to "provide Vega with the opportunity to receive a second opinion as to whether in fact the surgery was necessary." Vega had the surgery as scheduled without availing himself of the offer to receive a second opinion.
CSCS moved for dismissal or sanctions against Vega for intentional spoliation of evidence. At the hearing on CSCS' motion for sanctions, the court found that the letter from CSCS requesting postponement was sufficient to impose an obligation on Vega. The court then struck Vega's surgeon as a witness and disallowed any of the surgeon's records or medical bills as evidence.
The doctrine of spoliation arises when it is alleged that a crucial piece of evidence is unavailable due to one of the parties' actions. See Moghari v. Anthony Abraham Chevrolet Co., 699 So.2d 278, 279 (Fla. 3d DCA 1997). CSCS argues that Vega's herniated disc was "evidence" in the litigation, but there is no precedent to support such an argument. The only case cited by the parties that deals with this issue determined that the treatment of injuries cannot constitute spoliation of evidence.
Even if we were to hold that Vega's back was evidence, which we do not,[1] CSCS has not established all the necessary elements for spoliation of evidence. Missing from the facts of this case is any "legal or contractual duty to preserve evidence which is relevant to the potential civil action." Continental Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d *167 DCA 1990).[2] There is absolutely no obligation to preserve the status quo of a litigant's body for future examination by the opponent, except as provided in the rules of procedure or as otherwise ordered by the court. CSCS made no attempt to obtain a court order prior to the surgery.
Additionally, CSCS never made a request for a defense medical examination, which must specify a reasonable time, place, manner, conditions, and scope of the examination and the person or persons by whom the examination is to be made. See Fla. R. Civ. P. 1.360(a)(1)(A). An appropriate request for an independent medical examination would have imposed a duty on Vega to postpone his surgery and given the trial court authority to impose sanctions for ignoring the request. See Fla. R. Civ. Proc. 1.380(a),(b). However, CSCS' letter was not an appropriate request, as it did not contain any of the necessary criteria required by the rule, and was thus insufficient to impose a duty on Vega to postpone his surgery. Therefore, it was error for the trial court to conclude that Vega was required to undergo an examination before having surgery and accordingly, the court lacked authority to impose sanctions.
Generally, it is error to impose sanctions for spoliation without determining the extent of the prejudice suffered by the complaining party. "What sanctions are appropriate when a party fails to preserve evidence in its custody depends on the willfulness or bad faith, if any, of the party responsible for the loss of the evidence, the extent of prejudice suffered by the other party ... and what is required to cure the prejudice." Sponco Mfg. v. Alcover, 656 So.2d 629, 630 (Fla. 3d DCA 1995). In this case, CSCS failed to present any evidence that it was prejudiced by any loss of evidence. To the contrary, several pre-operative x-rays and MRIs were available from which defense experts could base an opinion as to the cause of Vega's injury and the necessity for surgery. Furthermore, CSCS can present to the jury the circumstances surrounding Vega's surgery and the jury can give this evidence the appropriate weight in any determination of liability or damages.
Although a trial court's decision to impose sanctions is discretionary and is only reviewed as to an abuse of that discretion, the imposition of sanctions necessarily requires wrongdoing by the party being sanctioned. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); see also Cooper v. Lewis, 719 So.2d 944, 945 (Fla. 5th DCA 1998)(before striking the doctor and imposing other sanctions "the trial court should find someone is in contempt of court or has violated an appropriate court order."). Additionally, the exclusion of a witness' testimony is a drastic remedy which should be utilized only under the most compelling circumstances. See Griefer v. DiPietro, 708 So.2d 666, 670 (Fla. 4th DCA 1998); Photo 60 of Miami Int'l v. Roundtree, 541 So.2d 687 (Fla. 3d DCA 1989); see also Pascual v. Dozier, 771 So.2d 552, 554 (Fla. 3d DCA 2000)("[T]he exclusion of the testimony of expert witnesses must be carefully considered and sparingly done."). Vega did not violate any court order, or any obligation imposed by rule of procedure or court *168 precedent to warrant punishment. Thus, excluding the testimony and records of his physician was an abuse of discretion.
Certiorari granted; order quashed.
NOTES
[1] Evidence is defined as "[a]ny species of proof, or probative matter, legally presented at the trial of an issue, by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." Black's Law Dictionary 287 (5th ed.1983). Thus, although testimony about Vega's back may be evidence through witnesses and documents, his back would not itself constitute evidence.
[2] See Jay E. Rivlin, Note: Recognizing an Independent Tort Action will Spoil a Spoliator's Splendor, 26 Hofstra L.Rev. 1003, 1004 (1998), defining spoliation as "the failure to preserve property for another's use as evidence in pending or future litigation." Spoliation is defined as: "The destruction of evidence. It constitutes an obstruction of justice. The destruction, or the significant and meaningful alteration of a document or instrument." Black's Law Dictionary 728 (5th ed.1983).