802 So.2d 382 (2001)
TIME INTERNATIONAL, S.A., INC. and Rubina De Mexico, S.A., Appellants,
v.
SAFILO U.S.A., INC., Appellee.
No. 3D00-2235.
District Court of Appeal of Florida, Third District.
November 14, 2001.
Rehearing Denied December 19, 2001.
*383 Robert S. Glazier; Addicott & Addicott, P.A., and Michael Addicott (Hollywood), for appellants.
Randolph W. Adams (Fort Lauderdale); Jennifer S. Carroll and Diane F. Medley (West Palm Beach), for appellee.
Before JORGENSON, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Time International, S.A., Inc. and Rubina de Mexico, S.A., plaintiffs below, appeal from an order dismissing their complaint as a sanction for discovery violations. For the reasons that follow, we reverse.
During the nine years that this action was pending, defendant Safilo, U.S.A. Inc. sought to locate a witness who was a former employee of the plaintiffs. Plaintiffs provided some information about the witness only after the trial court issued various orders compelling discovery. The responses were incomplete, incorrect, and generally incompetent. The trial court dismissed plaintiffs' complaint as a sanction for their noncompliance with the orders.
The trial court abused its discretion in imposing the ultimate sanction of dismissal; entering a default for noncompliance with an order compelling discovery "should be employed only in extreme circumstances." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1271 (Fla.1990). Dismissal is "the most severe of all sanctions," and "should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Gomez-Bonilla v. Apollo Ship Chandlers, 650 So.2d 116, 118 (Fla. 3d DCA 1995). In this case, although the plaintiffs' clumsy responses to the discovery orders were inadequate and merited the imposition of some sanctions, the extreme sanction of dismissal was unwarranted. Accordingly, we reverse and remand for reinstatement of the complaint. On remand, the court is free to exercise its discretion to impose sanctions other than dismissal.
The trial court further erred in dismissing the claim for fraud in the inducement. The action is not barred by the economic loss rule as a matter of law. See HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996); Hotels of Key *384 Largo v. RHI Hotels, Inc., 694 So.2d 74 (Fla. 3d DCA 1997).[1]
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] This opinion should not be read to hold that plaintiffs prevail on their claim for fraud in the inducement. Should defendants establish that the claim is not independent of the contract, the economic loss doctrine would apply. Hotels of Key Largo, 694 So.2d at 78.