SHEVIN, Judge.
Plaintiff, Time International, S.A., Inc., and Rubina de Mexico, S.A., [collectively “plaintiffs”] petition for a writ of certiorari to quash the portion of an order requiring production of a witness, a former employee, or suffer exclusion of the witness at trial, with an accompanying adverse presumption to plaintiffs’ position at trial from the witness’s testimony. We deny the petition.
In Time International S. A., Inc. v. Safilo U.S.A., Inc., 802 So.2d 382 (Fla. 3d DCA 2001), review denied, 823 So.2d 125 (Fla.2002), we reversed a dismissal order, holding that sanction to be too severe in the face of plaintiffs’ disregard of discovery orders. However, we remanded for the court to “exercise its discretion to impose sanctions other than dismissal.” Time, 802 So.2d at 383. The new sanction we *900 review here is not as severe as the ultimate sanction of dismissal, and is within the court’s discretion.
Although plaintiffs may not have any control over the witness at this time because the witness left their employ in 1999, this litigation had been pending for over seven years by that point. Defendant had requested information intended to locate the sought-after witness since the litigation began in 1992, and plaintiffs have been obstreperous in their refusal to cooperate and produce the witness. See Time Int’l, S.A., Inc.
We recognize that “the exclusion of a witness’s testimony is a drastic remedy which should be utilized only under the most compelling circumstances.” Vega v. CSCS Int’l, N.V., 795 So.2d 164 (Fla. 3d DCA 2001). However, in this case there was a finding of wrongdoing by plaintiffs, who are being sanctioned. Vega, 795 So.2d at 167, and cases cited therein. While exclusion is a drastic remedy, even the plaintiffs will agree that it is not as severe as dismissal, and plaintiffs have failed to demonstrate that they will suffer irreparable harm if the order striking the witness is not quashed. Sardinas v. Lagares, 805 So.2d 1024 (Fla. 3d DCA 2001). This case presents just such a compelling circumstance justifying the exclusion of the witness’s testimony. We therefore conclude that there has been no departure from the essential requirements of law and deny the writ.
Certiorari denied.