975 So.2d 1202 (2008)
Travis REED, Appellant,
v.
ALPHA PROFESSIONAL TOOLS, et al., Appellees.
No. 5D07-864.
District Court of Appeal of Florida, Fifth District.
March 7, 2008.
John Calhoun Bales and C. Samuel Newman, of John Bales Attorneys, A Bales Professional Association, St. Petersburg, for Appellant.
Frank D. Hosley and Martin J. Jaffe, of Seipp & Flick & Kissane LLP, Lake Mary, for Appellees.
GRIFFIN, J.
This is an appeal from an order dismissing a products liability suit with prejudice as a remedy for spoliation.
On October 26, 2005, Appellant, plaintiff below, Travis Reed ["Reed"], filed a products liability action in three counts, strict *1203 liability, negligence and negligent failure to warn, against each of two defendants below, Alpha Professional Tools and Beno J. Gundlach Company [collectively "Distributors"], the distributors of a marble edge polishing wheel. The suit alleged that Reed was operating a grinder with the polishing wheel attached when the polishing wheel broke into pieces. At least one piece struck Reed in his left eye, causing permanent blindness. The suit also alleged that the polishing wheel was purchased less than a month before the incident and that Reed was wearing safety glasses while operating the grinder and wheel. The complaint asserted that the marble edge polishing wheel's design and manufacture were defective.
After the accident, Reed's counsel obtained possession of the polishing wheel, the electric grinder and the safety glasses [collectively "the evidence"]. On March 6, 2006, after the complaint and answer were filed, Distributors filed a motion for inspection of the polishing wheel. At the October 9, 2006, hearing, Reed's counsel informed the court that the evidence was lost. Reed's counsel told the court that the evidence could not be located following a July 2006 move by counsel's firm from its Tampa office building to new offices in St. Petersburg, which were still undergoing renovations on the date of the move and for some time afterwards. Reed's counsel hypothesized that the evidence may have been stolen by a worker.
Shortly thereafter, on November 7, 2006, Distributors filed a motion for dismissal with prejudice or, in the alternative, for the entry of an appropriate spoliation remedy. In support of their motion, Distributors filed an affidavit by their expert, Jennifer Yaek, a licensed engineer, who attested that Distributors were prejudiced as a result of the destruction of evidence. Mainly, this affidavit catalogued various potential issues that she could not investigate, such as fracture initiation sites, abuse, misuse, and possible foreign material that may have been on the wheel's surface. Also complained of was the inability to inspect the marble being polished at the time of the accident, the grinder and the safety glasses. On December 11, 2006, Reed filed his response to Distributors' motion along with several affidavits by firm employees that attested to the fact that the evidence was properly secured prior to the move.
At the December 13, 2006, hearing on Distributors' dismissal motion, Distributors urged dismissal of the suit, claiming prejudice at not having the evidence for their expert to inspect. Reed argued that prevailing law disfavored dismissal as excessively harsh when the loss of the evidence was not intentional, the plaintiff was able to proceed without the lost evidence and where a lesser sanction would eliminate any disadvantage to the defense. The trial court took the case under advisement, indicating an intention to conduct a ruling hearing after the new year.
Subsequently, Reed filed a motion to continue ruling, requesting the opportunity to permit discovery of the experts. Reed also filed an affidavit by his expert who attested that he had inspected the evidence prior to its loss, had taken extensive photographs and that his opinion that the product was defective could be substantiated entirely by the detailed close-up photographs that he had taken. Distributors opposed a continuance. On February 19, 2007, the trial court entered its order of dismissal, concluding that Distributors were "completely unable to proceed with a defense" without the lost evidence, and dismissed the case with prejudice. It does not appear that the continuance motion was ruled upon.
*1204 Distributors contend that the controlling authority in this case is this court's opinion in Torres v. Matsushita Elec. Corp., 762 So.2d 1014 (Fla. 5th DCA 2000), and that the only difference between this case and Torres is the product at issue. The trial court appears to have relied on Torres. It is true that there are some similarities between this case and Torres. Most notably, it is clear in both cases that the loss of the product was inadvertent. It is perhaps understandable, given the length and structure of the Torres decision, to misapprehend its holding, but this case is fundamentally different from Torres. The premise on which Torres was based was that the plaintiff's defect claims could not be proved by direct evidence since the product had been lost. The Torres court had before it the question of whether the plaintiff, who had lost the product on which the suit was based, would be allowed to establish a prima facie case of negligence through use of the so-called "Greco Inference,"[1] even though the defendant manufacturer had no opportunity to rebut the inference as described in Cassisi v. Maytag Co., 396 So.2d 1140 (Fla. 1st DCA 1981) because of the loss of the product. See Torres, 762 So.2d at 1016. In Torres, the majority concluded that use of the inference would leave the defendant completely unable to defend. In order to prevent that unfair result, the Torres court decided that the inference would not be available to the plaintiff. Without it, the plaintiff was unable to proceed. Hence, the dismissal.[2]
This is not a Greco/Cassisi case. Unlike Torres, in this case, extensive photographs of the item had been made and the plaintiff has asserted that he can prove his claim based on the photographs and other specimens of the allegedly defective product. Unlike Torres, identification of the product is not an issue. Unlike Torres, in this case, the parties can be placed on an equal footing by limiting the plaintiff to the physical evidence available to both parties, i.e. the photographs. Although the defendant will not be able to inspect the product, it will benefit from the inherent limitations on the plaintiff's proof and will be able to match the plaintiff's access to the available evidence.
To some extent, the issue on which the trial judge focused is a problem of syntax. In Torres, without the spoliated product, the defendant was left completely unable to defend. This case, on the other hand, is more like a situation where the defendant is unable to defend completely. The defendant enumerates a variety of testing and inspections that it cannot do because it does not have the product. To the extent that Torres contemplates dismissal based on prejudice to the defendant, its reach is to the complete inability to defend, not the inability to defend completely. Spoliation is not a strict liability concept  "lose the evidence, lose the case"  no matter whether the plaintiff or the defendant was responsible for the loss. For a variety of reasons, the product is not always available after the incident causing injury. Depending on the circumstances, a products liability claim may nevertheless be proven. The goal in spoliation cases is to assure that the non-spoliator does not bear an unfair burden.
*1205 Our conclusion that the trial court erred by dismissing this case is also influenced by the timing of the dismissal and the state of the record. Here, again unlike Torres, little discovery has taken place. Neither party's expert has been deposed and the filed affidavits are both sparse and conclusory. Where, as here, the decision to dismiss is based on the defense expert's opinion of prejudice, the plaintiff should have the opportunity to test those opinions in discovery. The court cannot correctly evaluate the Distributors' claim of prejudice until this has been done. Depending on the state of the record once essential discovery has been done and the record has been developed, the trial court may or may not correctly arrive at the same conclusion.
REVERSED and REMANDED.
SAWAYA and COHEN, JJ., concur.
NOTES
[1] Greco v. Bucciconi Eng'g Co., 283 F.Supp. 978 (W.D.Pa.1967).
[2] The Torres majority's decision to affirm dismissal of the design defect claim is less easy to understand or explain. Apparently, the majority concluded that the only potential design flaw was one that would manifest itself only after significant wear, therefore, the presence of the product would be indispensable.