NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| JAMIE LANDRY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-4430 |
| | ) | |
| CHARLOTTE MOTOR CARS, LLC, | ) | |
| and AMERICAN STATES | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Opinion filed September 6, 2017.

Appeal from the Circuit Court for
Charlotte County; Lisa S. Porter,
Judge.

Zachary A. Harrington, Roger D.
Mason, II, and Ashley V. Goodman of
Roger D. Mason, II, P.A., Tampa, for
Appellant.

Sara Castro and David A. Holmes of
Farr, Farr, Emerich, Hackett, Carr &
Holmes, P.A., Punta Gorda, for
Appellees.

WALLACE, Judge.

Jamie Landry appeals the trial court's order that dismissed her action for

alleged odometer fraud against Charlotte Motor Cars, LLC, and American States

Insurance Company (collectively, "the Dealership"), as a sanction for the asserted

spoliation of the vehicle in question after it was repossessed.  Because the Dealership

failed to establish that the vehicle was lost, misplaced, or destroyed, we reverse.

## I.  THE FACTUAL AND PROCEDURAL BACKGROUND[1]

In October 2013, Ms. Landry purchased a 2004 Dodge Durango from

Charlotte Motor Cars.  About six months later, Ms. Landry went to another car dealer to

trade in the vehicle, and the other car dealer told Ms. Landry that there were odometer

rollback issues with the vehicle.  In late 2014, United Auto Credit repossessed the

vehicle.[2]

On January 12, 2015, Ms. Landry filed her initial complaint against the

Dealership.  Over a year later, on or about May 17, 2016, the Dealership's attorneys

sent a preservation letter and request to inspect the vehicle to Ms. Landry's attorneys,

demanding that Ms. Landry preserve the vehicle and make it available for inspection.

Ms. Landry responded through her attorneys, "[Ms. Landry] no longer has the vehicle

and you know that she no longer has the vehicle, so I'm not sure what the purpose of

this letter is."  The Dealership's attorneys replied, "That has been our understanding on

this end . . . .  If she did still have possession, custody, or control, we would want to

inspect the vehicle.  Now that we have confirmation she does not, we can proceed

---

[1]We emphasize that there has not been an evidentiary hearing in this case.  The facts stated in this opinion are drawn from the pleadings, motions, memoranda, orders, court minutes, and other documents in the record.  The traditional appellate presumption of correctness requires us to review the record in the light most favorable to sustaining the order under review.  See In re Doe, 932 So. 2d 278, 283-84 (Fla. 2d DCA 2005).

[2]At some point, Charlotte Motor Cars had assigned its finance agreement with Ms. Landry to United Auto Credit.

accordingly."  A few days later, the Dealership filed its motion for sanctions, alleging that Ms. Landry had spoliated the vehicle.

On May 24, 2016, Ms. Landry filed an amended complaint, alleging various common law and statutory claims based on the alleged odometer fraud regarding the vehicle that Ms. Landry had purchased from Charlotte Motor Cars.  The Dealership timely filed its response to the amended complaint and affirmative defenses. The trial court established August 29, 2016, as the deadline for the parties to complete discovery and set a three-day jury trial for the trial period beginning September 6, 2016.

On July 12, 2016, Ms. Landry filed a response and memorandum of law in opposition to the Dealership's motion for sanctions.  In Ms. Landry's response to the motion for sanctions, Ms. Landry alleged that after another dealership told her about the odometer issues, she contacted Charlotte Motor Cars.  According to Ms. Landry, Charlotte Motor Cars "told her that the odometer situation was her problem and refused to assist her in any way."  Ms. Landry also stated that she submitted discovery to United Auto Credit in an attempt to locate the vehicle.

A hearing on the motion for sanctions was set for Monday, July 18, 2016. The hearing was not noticed as an evidentiary hearing.  On the Friday before the Monday hearing, the Dealership filed a memorandum of law in support of its motion for sanctions, an affidavit from an "expert witness" in support of its motion, and a supplemental witness list in which it added the name of the "expert witness" who completed the affidavit.  At the hearing, Ms. Landry's attorney objected to the late filing of the Dealership's memorandum of law.  The parties did not introduce the Dealership's expert affidavit or any other exhibits into evidence or call any witnesses to testify.  Ms.

Landry's attorney informed the trial court that his client was still in the process of trying to locate the vehicle.

The trial court entered an order on July 21, 2016, granting the Dealership's motion for sanctions and dismissing the case. In its written order, the trial court found (1) that Ms. Landry does not have possession of the vehicle; (2) that she did not willfully dispose of the vehicle; (3) that she "had a duty to preserve the direct evidence in this case"; and (4) that the Dealership lacked the ability to defend itself without inspecting the vehicle. Ms. Landry filed a timely motion for rehearing, alleging that the vehicle still exists, has an active Florida title, and was then for sale at a car lot in Sanford, Florida. The trial court denied the motion, and this appeal followed.

## II. THE PARTIES' ARGUMENTS ON APPEAL

The Dealership raises a threshold issue, arguing the record is not adequate for appellate review because the trial court's order is not fundamentally erroneous on its face and Ms. Landry has failed to provide a transcript of the hearing or a statement of the evidence prepared in accordance with Florida Rule of Appellate Procedure 9.200(b)(4).[3]  For her part, Ms. Landry raises three points on appeal: (1) Ms. Landry did not "spoliate" the vehicle; (2) the trial court's order was facially deficient and

---

[3]The Dealership actually complains about Ms. Landry's failure to provide a "stipulated statement of the facts."  Here, the Dealership confuses the "stipulated statement" that may be used in lieu of the indexed record prepared by the clerk of the lower tribunal in accordance with rule 9.200(a)(3) with the statement of the evidence or proceedings that may be prepared under rule 9.200(b)(4) when no report of the proceedings was made or if the transcript is unavailable.  In this case, we have an indexed record on appeal prepared by the clerk; thus, the use of a "stipulated statement" in accordance with rule 9.200(a)(3) is neither available nor appropriate.

absent a finding of bad faith, dismissal was too harsh a sanction; and (3) the order was premature in the absence of further discovery.[4]

Regarding the Dealership's threshold issue, it is clear from our record that the hearing was a nonevidentiary hearing at which the trial court considered only the parties' oral and written legal arguments; and neither party claim otherwise in their appellate briefs. This court does not require a transcript of a nonevidentiary hearing to determine whether the Dealership presented evidence sufficient to support its motion for sanctions for spoliation; and therefore, the Dealership's issue is without merit and does not warrant further discussion. See Rollet v. de Bizemont, 159 So. 3d 351, 357 (Fla. 3d DCA 2015) ("Where the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review."); see also Fish Tale Sales & Serv., Inc. v. Nice, 106 So. 3d 57, 63 (Fla. 2d DCA 2013). We turn now to the three issues raised by Ms. Landry.

### III. DISCUSSION

### A. The Standard of Review

We review the trial court's order granting the Dealership's motion for sanctions and dismissing the case without prejudice for an abuse of discretion. See Torres v. Matsushita Elec. Corp., 762 So. 2d 1014, 1018 (Fla. 5th DCA 2000) (applying the abuse of discretion standard to an order granting a motion for spoliation sanctions and dismissing the case). To the extent that the parties raise an issue that is a matter

---

[4]Ms. Landry argues her second point on appeal as two separate issues in her initial brief: (1) the trial court's order is defective on its face and (2) the sanction of dismissal was too harsh. Because these arguments are based on the same premise, we have consolidated them for discussion and address them under the second issue in this opinion.

of law, we review the issue de novo.  See Osmulski v. Oldsmar Fine Wine, Inc., 93 So. 3d 389, 392 (Fla. 2d DCA 2012).

## B.  Whether Ms. Landry "Spoliated" the Vehicle

Ms. Landry argues that she did not spoliate the vehicle because (1) the vehicle still exists; (2) she did not have a duty to maintain possession of the vehicle; and (3) the vehicle was not crucial to any legitimate defense available to the Dealership. A two-part analysis is appropriate to a consideration of this argument: (A) whether Ms. Landry's loss of possession falls within the definition of "spoliation" or "lost" in the context of spoliation sanctions; and (B) whether spoliation sanctions were warranted under the threefold inquiry required for the imposition of spoliation sanctions.[5] Specifically as to part (A), Ms. Landry argues that to meet the first part of the threefold inquiry for spoliation sanctions (i.e., the evidence existed at one time), the evidence must no longer exist or be unavailable to the party claiming spoliation.  Further, Ms. Landry argues that the repossession does not mean that the vehicle was lost, misplaced, or destroyed; rather, it simply means that it is not in Ms. Landry's possession.  Our resolution of part (A) of Ms. Landry's argument controls our disposition of this case.

Generally speaking, sanctions may be appropriate when a party has spoliated, lost, or misplaced evidence.  League of Women Voters of Fla. v. Detzner, 172

---

[5]To impose spoliation sanctions under the threefold inquiry, "the court must determine whether: (1) 'the evidence existed at one time,' (2) 'the spoliator had a duty to preserve the evidence, and' (3) 'the evidence was crucial to an opposing party['s] being able to prove its prima facie case or a defense.' "  Osmulski, 93 So. 3d at 392 (alteration in original) (quoting Golden Yachts, Inc. v. Hall, 920 So. 2d 777, 781 (Fla. 4th DCA 2006)).

So. 3d 363, 391 (Fla. 2015). A determination that evidence has been spoliated does not inevitably lead to the imposition of sanctions under the threefold inquiry. Instead, the determination of whether evidence has been spoliated requires a different inquiry. Spoliation is defined as "[t]he destruction, or significant and meaningful alteration of [evidence]," Vega v. CSCS Int'l, N.V., 795 So. 2d 164, 167 n.2 (Fla. 3d DCA 2001) (quoting Black's Law Dictionary 728 (5th ed. 1983)); or "the failure to preserve property for another's use as evidence in pending" or reasonably foreseeable litigation, id. (quoting Jay E. Rivlin, Note, Recognizing an Independent Tort Action will Spoil a Spoliator's Splendor, 26 Hofstra L.Rev. 1003, 1004 (1998)). See also Aldrich v. Roche Biomedical Labs., Inc., 737 So. 2d 1124, 1125 (Fla. 5th DCA 1999) (similar definition); Spoliation, Black's Law Dictionary 1620 (10th ed. 2014) (defining spoliation as "[t]he intentional destruction, mutilation, alteration, or concealment of evidence"). Evidence is deemed "lost" when it is "beyond the possession and custody of its owner and not locatable by diligent search." Lost, Black's Law Dictionary 1089 (10th ed. 2014).

Here, to support its contention that the vehicle was spoliated or lost, the Dealership relied on counsel's arguments and a fact conceded by Ms. Landry—that she no longer has possession of the vehicle because it was repossessed. Counsel's unsworn arguments for the Dealership do not constitute evidence. See Rowe v. Rodriguez-Schmidt, 89 So. 3d 1101, 1104 (Fla. 2d DCA 2012). And the Dealership did not present any testimony or evidence that the vehicle was spoliated or lost. Moreover, the repossession of the vehicle does not prove that the vehicle was destroyed or altered or that Ms. Landry failed to preserve the vehicle. Assuming that Ms. Landry had a duty to preserve the vehicle, Ms. Landry only had to preserve the vehicle so that the

Dealership would have an opportunity to examine it. See Torres, 762 So. 2d at 1018 (quoting DeLong v. A-Top Air Conditioning Co., 710 So. 2d 706, 707 (Fla. 3d DCA 1998)).

Furthermore, it is not self-evident that Ms. Landry was required to prevent a nonparty from rightfully possessing the vehicle to preserve the vehicle, especially when the Dealership knew the vehicle's identification number and "with the exertion of any effort could have located and examined the [vehicle]."[6] See Valenzuela v. State, 426 So. 2d 1294, 1295 (Fla. 3d DCA 1983) (finding the police did not fail to preserve evidence when it returned the rental truck to its owner instead of the defendant because the defendant had the truck's identification number and could have located the truck). In addition, we cannot deem the vehicle to be "lost" when the Dealership did not present any evidence that the vehicle is not in the custody of its rightful owner or is not locatable by a diligent search. See *Lost*, Black's Law Dictionary 1089 (10th ed. 2014). Absent such evidence, the trial court's finding that Ms. Landry breached a duty to preserve the vehicle was premature at best. It follows that the trial court erred in accepting the Dealership's claim that Ms. Landry had "spoliat[ed] essential evidence and den[ied the Dealership] the ability to defend this action."

## C. Dismissal: The Harshest Sanction

Because we reverse and remand this case based on the Dealership's failure to establish that the vehicle was spoliated, we do not need to reach the question of the appropriate remedy. After all, there is no basis for imposing sanctions unless a

---

[6]In fact, Ms. Landry alleged in her motion for rehearing that the vehicle still exists, has an active Florida title, and was then for sale at a car lot in Sanford, Florida.

party spoliated evidence and the movant satisfied the threefold inquiry for spoliation sanctions. Nevertheless, because the issue may arise on remand, we address the question of remedy to clarify the evidence and findings of fact necessary for the dismissal of an action based on the spoliation of evidence.

When there is a basis for imposing spoliation sanctions, "the appropriate sanction varies according to [(1)] the willfulness or bad faith, if any, of the party who lost the evidence, [(2)] the extent of the prejudice suffered by the other party, and [(3)] what is required to cure the prejudice." Fleury v. Biomet, Inc., 865 So. 2d 537, 539 (Fla. 2d DCA 2003) (first citing Harrell v. Mayberry, 754 So. 2d 742, 745 (Fla. 2d DCA 2000); then citing Sponco Mfg., Inc. v. Alcover, 656 So. 2d 629, 630 (Fla. 3d DCA 1995)). Generally speaking, in the absence of willfulness or bad faith, dismissal—the harshest of all sanctions—is appropriate only when the movant presents evidence (e.g., expert testimony) demonstrating that its case is fatally prejudiced by its inability to examine the spoliated evidence. See Fleury, 865 So. 2d at 539 ("Dismissal . . . [is] reserved for cases in which one party's loss of evidence renders the opposing party completely unable to proceed with its case or defense." (citing Harrell, 754 So. 2d at 745)); Reed v. Alpha Prof'l Tools, 975 So. 2d 1202, 1204 (Fla. 5th DCA 2008) ("Spoliation is not a strict liability concept—'lose the evidence, lose the case'—no matter whether the plaintiff or the defendant was responsible for the loss."); see, e.g., Sponco Mfg., 656 So. 2d at 631 (holding that default was appropriate when expert testimony showed the movant "was no longer able to proceed" without the crucial evidence).

That is, to dismiss a case based solely on prejudice to the movant, the spoliated evidence must be so crucial as to completely prevent the movant from

- 9 -

defending itself, not merely prevent the movant from defending itself completely.  Reed, 975 So. 2d at 1204; compare Nationwide Lift Trucks, Inc. v. Smith, 832 So. 2d 824, 826 (Fla. 4th DCA 2002) (affirming the spoliation sanction because the "plaintiffs were unable to proceed without the altered or lost evidence"), with Fleury, 865 So. 2d at 540 (finding no basis for spoliation sanctions when neither party was at fault for the spoliation and the "the defendants were not prejudiced by the spoliation").  Otherwise, the "courts prefer to utilize adverse evidentiary inferences and adverse presumptions during trial to address the lack of evidence."  Golden Yachts, 920 So. 2d at 780.

Accordingly, on remand, even if the Dealership proves the vehicle was spoliated and satisfies the threefold inquiry, dismissal will not be the appropriate remedy, unless it appears that the alleged spoliation of the vehicle fatally prejudiced the Dealership's defense.[7]

## D.  The Impact of Ongoing Discovery

Ms. Landry also argues that the trial court's order of dismissal was premature because discovery was still pending and Ms. Landry did not have a chance to depose the Dealership's expert.  It appears from our record that there had been little discovery in this matter when the trial court dismissed the action.  The Dealership filed

---

[7]We note that if the vehicle was spoliated, neither of the parties will have an opportunity "to present expert testimony founded on the experts' examination or testing of the [vehicle].  Therefore, it cannot be said that the loss of the evidence put the [Dealership] at a disadvantage in the litigation."  See Fleury, 865 So. 2d at 540 (finding "the defendants were not prejudiced by the spoliation of evidence" when the evidence was lost before either party could examine it); see also Reed, 975 So. 2d at 1204 (recognizing that the defendant "will benefit from the inherent limitations on the plaintiff's proof and will be able to match the plaintiff's access to the available evidence").  In this opinion, we do not decide the question of whether the alleged spoliation of the vehicle fatally prejudiced the Dealership.  On remand, it is possible that the trial court may need to address that question based on the facts developed at an evidentiary hearing.

its expert's affidavit on the Friday before the Monday hearing, and Ms. Landry had not deposed the Dealership's expert.

If the trial court's decision to dismiss the case is to be based on the defense expert's opinion regarding prejudice, then Ms. Landry "should have the opportunity to test those opinions in discovery." See Reed, 975 So. 2d at 1205. As the Fifth District explained in Reed, "[t]he court cannot correctly evaluate the [movant's] claim of prejudice until this has been done. Depending on the state of the record once essential discovery has been done and the record has been developed, the trial court may or may not correctly arrive at the same conclusion." Id. Therefore, on remand, we direct the trial court to allow the parties an opportunity to engage in essential discovery before holding an evidentiary hearing on the motion for sanctions.

## IV. CONCLUSION

For the foregoing reasons, the trial court erred in finding that the vehicle had been spoliated without any evidence to support such a finding and in dismissing Ms. Landry's action as a sanction. Accordingly, we reverse the order of dismissal and remand for further proceedings consistent with this opinion. On remand, the trial court shall allow the parties an opportunity to conduct essential discovery before holding an evidentiary hearing on the sanctions motion.

Reversed and remanded with directions.

BLACK, J., Concurs.
KELLY, J., Concurs in result only.