# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2576
LT Case No. 2022-CA-043468

———————————————

MEDFAST URGENT CARE
CENTERS, LLC,

    Appellant,

    v.

LOGAN B. ARBOGAST, JUSTIN A.
TORPY, and SPACE COAST
URGENT CARE, LLC,

    Appellees.

———————————————

Nonfinal appeal from the Circuit Court for Brevard County.
Scott Blaue, Judge.

David J. Volk, of Volk Law Offices, P.A., Melbourne, for
Appellant.

Douglas D. Marks, of Douglas D. Marks, P.A., Indialantic, for
Appellees.

September 26, 2025


PER CURIAM.

    Medfast Urgent Care Centers, LLC, appeals the trial court's
denial of its motion to amend complaint seeking leave to add a

claim for punitive damages. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.130(a)(3)(G). We affirm.

Medfast failed to make a reasonable showing of a reasonable basis for the award of such damages, as required by Florida law. Simply stated, the allegations in the proposed amended complaint, and the evidence in the record before us, do not rise to the level of reprehensibility demonstrated in *Werner Enterprises, Inc. v. Mendez*, 362 So. 3d 278, 281 (Fla. 5th DCA 2023). Medfast's showing that Arbogast and Torpy formed Space Coast during their tenure with Medfast and relied upon certain information, practices, and processes learned from Medfast—even when viewed in a light most favorable to Medfast—falls short of demonstrating a reasonable basis on which a rational jury could conclude by clear and convincing evidence that Medfast should recover punitive damages. And under section 768.72, Florida Statutes (2024), the trial judge correctly denied Medfast's motion "where there is no reasonable evidentiary basis for recovery." *Manheimer v. Fla. Power & Light Co.*, 403 So. 3d 257, 261 (Fla. 3d DCA 2023) (quoting *Bistline v. Rogers*, 215 So. 3d 607, 611 (Fla. 4th DCA 2017)).

AFFIRMED.

JAY, C.J., and WALLIS, J., concur.
SOUD, J., concurs specially, with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2

SOUD, J., concurring specially.

I concur in affirming the trial court's denial of Medfast Urgent Care Centers, LLC's motion to amend its complaint seeking leave to add a claim for punitive damages and write separately to clarify my view of a plaintiff's required showing under section 768.72, Florida Statutes (2024), and to underscore the trial court's critical role as "gatekeeper" in considering that showing.

I.

Unlike compensatory damages that are designed to make a plaintiff whole (to the extent possible) for harm caused by the tortious conduct of a defendant, *see MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 223 (Fla. 2008), punitive damages operate as the name suggests—to punish intentional or grossly negligent misconduct that injures another, *see Hosp. Specialists, P.A. v. Deen*, 373 So. 3d 1283, 1288 (Fla. 5th DCA 2023); *see also Fed. Ins. v. Perlmutter*, 376 So. 3d 24, 32 n.4 (Fla. 4th DCA 2023), *review granted*, No. SC2024–0058, 2024 WL 4948685 (Fla. Dec. 3, 2024). These damages are directed toward defendants who have acted so reprehensibly that such conduct jeopardizes not only the plaintiff in a given lawsuit but the public as a whole. *See Monsanto Co. v. Behar*, 50 Fla. L. Weekly D1290a (Fla. 3d DCA June 11, 2025).

The United States Supreme Court has gone so far as to describe punitive damages as "quasi-criminal" in nature and designed to "operate as 'private fines' intended to [both] punish the defendant and to deter future wrongdoing" by the defendant and other so-inclined actors. *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001); *see also Crump v. Am. Multi-Cinema, Inc.*, 383 So. 3d 880, 885 n.6 (Fla. 5th DCA 2024); *Mercer v. Saddle Creek Transp., Inc.*, 389 So. 3d 774, 776–77 (Fla. 6th DCA 2024). While a jury's award of compensatory damages in essence is a factual determination, "its

imposition of punitive damages is an expression of its moral condemnation." *See Cooper Indus.*, 532 U.S. at 432 (citing *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974)).

In sum, punitive damages are an extraordinary remedy reserved "only [for] the most egregious cases." *See Monsanto Co.*, 50 Fla. L. Weekly D1290a. Thus, punitive damages are the exception—not the rule. *See McLane Foodservice, Inc. v. Wool*, 400 So. 3d 757, 760 (Fla. 3d DCA 2024) ("The statutory framework presumes that punitive damages claims will be the exception in civil actions, not the rule.").

## II.

In Florida, a plaintiff's ability to seek punitive damages is substantively governed by section 768.72, Florida Statutes (2024). And as we have previously noted, the burden imposed upon one pursuing punitive damages "is—substantively speaking—not a modest one." *See Crump*, 383 So. 3d at 886.

Section 768.72 prohibits a plaintiff from asserting a claim for punitive damages until he makes "a *reasonable showing* by evidence in the record or proffered by the claimant which would provide a *reasonable basis* for recovery of such damages." § 768.72(1), Fla. Stat. (emphasis added). As a result, a plaintiff generally may not plead a claim for punitive damages in an initial complaint. *See Hosp. Specialists, P.A.*, 373 So. 3d at 1287. Instead, Florida law requires a plaintiff to seek leave to amend his complaint before a claim for punitive damages may be pursued. *See* § 768.72(1), Fla. Stat.; *see also* Fla. R. Civ. P. 1.190(a), (f). If the trial court permits the claim, section 768.72(2) allows a plaintiff to ultimately recover such damages from a defendant "only if" a finder of fact concludes that clear and convincing evidence demonstrates the defendant was personally[1] guilty of

---

[1] Section 768.72(3) sets forth what is required for an "employer, principal, corporation, or other legal entity" to be held liable for punitive damages for the conduct of an employee or agent.

4

"intentional misconduct" or "gross negligence."[2] § 768.72(2), Fla. Stat.

When viewed as a whole, we see in the text of section 768.72 important principles that govern: (a) the substantive rights of litigants regarding claims for punitive damages; (b) the burden a plaintiff must carry to permit a claim of punitive damages; and (c) the operation of a trial court in determining whether a plaintiff has met his burden of making the required showing to allow a claim for punitive damages.

A.

The granting of leave to seek punitive damages is a watershed moment in any civil action because it exposes a defendant to financial-worth discovery and possible liability for uninsured losses resulting from an adverse judgment. *See Manheimer v. Fla. Power & Light Co.*, 403 So. 3d 257, 260 (Fla. 3d DCA 2023) (calling this decision a "game changer"). As a result, based on the plain language of section 768.72, and longstanding precedent from the Florida Supreme Court, we have held that the "statute creates for a defendant 'a substantive legal right not to be subject to a punitive damages claim . . . until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.'" *See Crump*, 383 So. 3d at 885 (quoting *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995)).

The requirement that a plaintiff be granted leave to plead a claim for punitive damages is a meaningful impediment designed to protect a defendant's right not to be subject to financial discovery absent sufficient basis. *See id.* (citing *Werner Enters., Inc. v. Mendez*, 362 So. 3d 278, 281 (Fla. 5th DCA 2023)); *see also Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 641 (Fla. 5th DCA 2005). However, the statute also makes clear this protection for a defendant does not place a plaintiff in a procedural straitjacket. Rather, the statute affords to a plaintiff the full palette of discovery to learn of any non-privileged matter that is

---

[2] Both "intentional misconduct" and "gross negligence" are defined by the statute. *See* § 768.72(2)(a)–(b), Fla. Stat.

relevant to, or reasonably calculated to lead to admissible evidence on, the matter of punitive damages. *See* § 768.72(1) ("The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages.").

## B.

In implementing the requirements of section 768.72, Florida Rule of Civil Procedure 1.190 requires a plaintiff seeking authorization to claim punitive damages to file a motion for leave to amend the complaint and attach the proposed amended complaint to the motion. *See* Fla. R. Civ. P. 1.190(a), (f); *see also Crump*, 383 So. 3d at 885 (citing *Varnedore v. Copeland*, 210 So. 3d 741, 745 (Fla. 5th DCA 2017)). "The motion to amend can be filed separately and before the supporting evidence or proffer, but each shall be served on all parties at least 20 days before the hearing." Fla. R. Civ. P. 1.190(f).

In light of the requirements of both section 768.72 and rule 1.190, a plaintiff seeking leave to claim punitive damages must satisfy two separate and distinct components before a claim for punitive damages may be permitted by the trial court: "the pleading component and the evidentiary component." *Varnedore*, 210 So. 3d at 744; *see also Crump*, 383 So. 3d at 885.

### 1.

We noted in *Varnedore* the foundational principle that parties to a civil action must state their respective legal positions in a document—a pleading—so that all parties and the trial court are clear on the issues requiring adjudication. *See Varnedore*, 210 So. 3d at 745 (quoting *Bank of Am. Nat'l Ass'n v. Asbury*, 165 So. 3d 808, 809 (Fla 2d DCA 2015)). As a result, to satisfy the pleading component, a plaintiff must plead in sufficient detail the specific factual basis underlying its intended claim for punitive damages. *See id.* In doing so, a plaintiff must allege facts that—taken as true *only for purposes of the pleading component*—would constitute intentional or grossly negligent misconduct, as required and defined by section 768.72(2)(a)–(b). If the amended complaint fails to clear this pleading hurdle, the motion seeking

6

leave to claim punitive damages is rightly denied without further consideration by the trial court because "there would be neither a reason nor a framework for analyzing" the evidentiary basis for a punitive damages claim. *See id.*

2.

If a plaintiff's proposed amended complaint satisfies this pleading component by pleading allegations of a defendant's intentional conduct or gross negligence, a plaintiff seeking to claim punitive damages must still overcome the evidentiary component required by the statute.

Section 768.72 charges a plaintiff to make "a *reasonable showing* by evidence in the record or proffered by the claimant which would provide a *reasonable basis* for recovery of [punitive] damages." § 768.72(1), Fla. Stat. (emphasis added). While this statute does not require a plaintiff "to prove the case" or present an evidentiary showing that "itself constitutes 'clear and convincing evidence . . . that the defendant was personally guilty of intentional misconduct or gross negligence[,]'" *McLane*, 400 So. 3d at 760 (quoting § 768.72(2), Fla. Stat.), it does place a meaningful burden upon the plaintiff.

Initially, a plaintiff's showing supporting a request to seek punitive damages must "match" the factual allegations in the proposed amended complaint. *See Perlmutter*, 376 So. 3d at 32. That is to say, the showing must demonstrate a reasonable evidentiary basis by which a jury could conclude that the factual allegations in the proposed amended complaint have been proven by clear and convincing evidence sufficient to warrant the imposition of punitive damages.

Further, in making this required "reasonable showing" of a "reasonable basis" for the imposition of punitive damages, there is but one foundation laid by the statute upon which plaintiff's showing may be built—*evidence. See* § 768.72(1), Fla. Stat.; *see also* Fla. R. Civ. P. 1.190(f) ("A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by *evidence* in the record or *evidence* to be proffered by the claimant, that provides a reasonable basis for recovery of such damages." (emphasis added)). Evidence is "[a]ny

7

species of proof . . . legally presented . . . by the act of the parties and through the medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury as to their contention." *Vega v. CSCS Int'l, N.V.*, 795 So. 2d 164, 166 n.1 (Fla. 3d DCA 2001) (quoting BLACK'S LAW DICTIONARY (5th ed. 1983)).

As seen in *Vega*, evidence is proof in whatever form that is "legally presented" (i.e. admissible). *See id*. Additionally, evidence must contain some requisite indicia of trustworthiness. *See United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). And these two notions of admissibility and trustworthiness are to some degree related. Indeed, much of the Florida Evidence Code, such as provisions addressing hearsay, opinion testimony, authentication of records, and requiring an oath by a witness, is designed to ensure an initial degree of trustworthiness. *See id*. (noting that "many of the Federal Rules of Evidence . . . are geared toward ensuring a degree of reliability"). As such, in the context of the showing required to allow a plaintiff to seek punitive damages, "evidence" is properly understood as any manner of admissible proof that possesses indicia of trustworthiness and tends to prove the allegation(s) within the proposed amended complaint forming the factual and legal basis for an award of punitive damages.[3]

This evidence presented by a plaintiff may emanate from one of only two sources—that found "in the record" or otherwise "proffered by the [plaintiff]." § 768.72(1), Fla. Stat. While parties may often use these terms interchangeably, they are separate concepts. *See Perlmutter*, 376 So. 3d at 33 ("The only reasonable way to read section 768.72(1)'s first sentence is to recognize the aforementioned phrases as referring to two separate categories of evidence: evidence 'in the record' and evidence 'proffered by the claimant.'"); *see also Werner Enters.*, 362 So. 3d at 281 ("The

---

[3] Statements by witnesses that are mere speculation, suspicion, or conjecture do not constitute evidence and are insufficient to carry a plaintiff's burden. *See generally Broward Exec. Builders, Inc. v. Zota*, 192 So. 3d 534, 539 (Fla. 4th DCA 2016).

showing can be based on evidence in the record or evidence proffered by the plaintiff.").

Of course, "evidence in the record" is evidence—such as deposition transcripts, authenticated records, answers to interrogatories, admissions, and the like—that was timely filed in the court file and exists in the record at the time of the hearing. However, evidence "proffered by the plaintiff," such as an affidavit, incident report, or the like, is a "representation" of the evidence that a party proposes to present at trial. *See Werner Enters.,* 362 So. 3d at 281 (quoting *Grim v. State*, 841 So. 2d 455, 462 (Fla. 2003)).[4]

While the *form* of the proffer itself (e.g. an affidavit or incident report) need not be admissible, the *substance* of the "*evidence*" represented by the plaintiff's proffer as a basis for the award of punitive damages must demonstrate admissibility. This conclusion stems from the clear language of the statute. Section 768.72(1) expressly charges a plaintiff to make a "reasonable showing" of a "reasonable basis" for the award of punitive damages. But how can a plaintiff demonstrate a reasonable basis for a jury to award punitive damages if his showing relies on inadmissible information a jury would never hear or see? To permit the presentation to the trial court of inadmissible statements or items in support of leave to seek punitive damages would run counter to the very protections the Florida Legislature enacted in the statute.

In the end, section 768.72 requires a plaintiff to reasonably demonstrate that he will be able to present sufficient evidence at

---

[4] In the context of hearing a motion to add a claim for punitive damages under section 768.72 and rule 1.190(f), "proffer" is a term that "refers only to timely filed documents and excludes oral representations of additional evidence made during the hearing." *Varnedore*, 210 So. 3d at 747; *see also Perlmutter*, 376 So. 3d at 34 n.6 (citing *Varnedore*). Thus, the trial court cannot properly consider plaintiff's counsel's oral or other proffers of evidence which are first presented during the hearing. *Varnedore*, 210 So. 3d at 747; *see also Perlmutter*, 376 So. 3d at 34 n.6 (citing *Varnedore*).

trial "upon which a rational trier of fact" could find that the defendant engaged in intentional misconduct or gross negligence as defined by the statute. *See Perlmutter*, 376 So. 3d at 33–34.

C.

Once a plaintiff has presented his showing, "the trial court acts as a 'gatekeeper' to assess whether the claimant has shown a reasonable evidentiary basis for the recovery of punitive damages." *See Crump*, 383 So. 3d at 885 (quoting *Hosp. Specialists,* 373 So. 3d at 1287). In so doing, the trial court views the evidence in a light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable inferences. *See Varnadore*, 210 So. 3d at 747; *see also Mercer*, 389 So. 3d at 777.

But how precisely is the trial court to go about the important work of determining both the reasonableness of the plaintiff's showing and the reasonableness of any evidentiary basis for the award of punitive damages? *See* § 768.72(1), Fla. Stat. Here, too, the answer seems plain from the language of the statute itself.

Importantly, the trial court's work is guided by two opposing guardrails. On the one side, the law requires that the trial court does not simply accept the allegations of misconduct in the complaint or motion as true. *See Manheimer*, 403 So. 3d at 261 (quoting *Napleton's N. Palm Auto Park, Inc. v. Agosto,* 364 So. 3d 1103, 1105 (Fla. 4th DCA 2023)); *see also Mercer*, 389 So. 3d at 777; *McLane*, 400 So. 3d at 761. Conversely, on the other side, the trial court is neither called upon nor permitted to weigh conflicting evidence or determine witness credibility in an effort to decide (as if a juror) the ultimate question of whether the plaintiff has proven the punitive damages claim by clear and convincing evidence. *See Mercer*, 389 So. 3d at 777.

Rather, the trial court must travel down the center of its lane and decide whether a plaintiff has reasonably presented sufficient evidence that, *if accepted by the jury*, would provide that jury a reasonable basis to find that the defendant engaged in intentional or grossly negligent misconduct and impose punitive damages. *See McLane*, 400 So. 3d at 760–61 (citing *Perlmutter*, 376 So. 3d at 33–34). In other words, in its work as gatekeeper, the trial court does not weigh evidence to decide whether clear and convincing

evidence has been presented such that punitive damages *should* be imposed; rather the trial court limits its inquiry to determine whether a reasonable jury *could* conclude that clear and convincing evidence[5] proves sufficiently reprehensible misconduct that warrants the imposition of punitive damages.

Pertinent to this point, amongst its other arguments, Medfast insists the trial court erred by allowing the defendants to present other portions of depositions in the record in opposing the motion. More specifically, Medfast argues that because the plain text of section 768.72 requires *a plaintiff* to make a reasonable showing of a reasonable basis for the recovery of punitive damages, the defendants were not permitted to counter Medfast's showing with evidence in the record—or even present argument in response to its showing. Medfast's counsel acknowledged at oral argument that this position may sound "extreme." Indeed.

First, section 768.72 expressly charges the trial court as gatekeeper to determine if Medfast made a "reasonable showing" by record evidence or proffered evidence of a "reasonable basis" for the recovery of punitive damages. *See* § 768.72(1), Fla. Stat. Thus, in deciding the reasonableness of a basis for the recovery of punitive damages, the trial court was necessarily required to also evaluate the reasonableness of Medfast's evidentiary showing. And the reasonableness of both Medfast's showing and the basis for recovery of punitive damages is tested by allowing the defendants to counter Medfast's showing with other evidence in the record  and present argument with respect to all of Medfast's showing and the basis claimed for recovery.

The presiding judge could not simply accept Medfast's allegations and evidentiary submissions as true. *See Manheimer*, 403 So. 3d at 261. Rather, the trial court properly considered all

---

    [5] Section 768.72(2)'s requirement that a plaintiff prove entitlement to punitive damages by clear and convincing evidence is important and informs the trial court's evaluation of the reasonable basis for an award of such damages. *See Inquiry Concerning Davey*, 645 So. 2d 398, 404 (Fla. 1994) (explaining the clear and convincing evidence standard).

11

parties' submissions from evidence *in the record*, together with any evidence proffered by Medfast,[6] in considering the motion.

Further, Medfast's argument that the defendants and their counsel must effectively sit mute during the hearing is wholly contrary to every notion of due process. Were this argument accepted and the defendants precluded from opposing Medfast's motion with record evidence and argument addressing the motion, Florida law would render defense counsel a potted plant, whose attendance at a hearing would be of only marginal value or necessity. This surely cannot be the state of Florida law.

## III.

Considering the requirements of Florida law, the trial court properly denied Medfast's motion to amend its complaint to assert a claim for punitive damages.

---

[6] Certainly, the trial court must consider any evidence proffered by the plaintiff. And the statute plainly provides that only a plaintiff is permitted to proffer evidence. *See* § 768.72(1), Fla. Stat.; *see also Perlmutter*, 376 So. 3d at 32–33. Nothing in the text of the statute permits a defendant to present a proffer or "counter-proffer" of its own.

12